## Allstate Insurance Company *v.* Taylor, Appellant.

Argued January 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Dennis J. Monaghan,* for appellant.

*Robertson B. Taylor,* with him *Robert H. Holland,* and *Kolb, Holland, Antonelli & Heffner,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

Appellant, Robert W. W. Taylor, suffered personal injuries in a motor vehicle accident which occurred on March 11, 1966. The other party involved in the accident was one Joseph Kovacs, who, it subsequently developed, was an uninsured motorist. Appellant was therefore unable to satisfy his alleged damages by an action of trespass. At the time of the accident, appellee, Allstate Insurance Company, was the insurer on a policy of automobile liability insurance purchased by Walter W. Taylor, appellant's father. Walter W. Taylor resided in Torrance, California. Appellant, at the time of the accident was a student at Lehigh University in Northampton County, the County in which the accident occurred. Included among the coverages of the senior Taylor's insurance policy was protection against uninsured motorists. The policy provides coverage to the "named insured" and "any person designated as named insured in the schedule and, while a resident of the same household, the spouse of any such named insured and relatives of either." Appellant made application to appellee under the uninsured motorist provision of his father's insurance policy and coverage was denied on the ground that appellant was not a resident of the same household as the named insured, his father. Appellant then, in accordance with the provisions of the policy, made a demand for arbitration. Appellee filed a petition for declaratory judgment, seeking a determination of appellant's status as a member or nonmember of his father's household, and further seeking to restrain appellant from proceeding with arbitration. By subsequent stipulation of the parties, the arbitration was stayed pending an adjudication in

the declaratory judgment action, jurisdiction of which was entertained by the court below.

Appellant, who was born in April of 1940, had reached the age of nearly 26 years by the time the accident occurred. He had attended the University of Southern California and subsequent to his graduation from that institution obtained a Fellowship for graduate work at Yale University. He studied at Yale from 1961 until he earned his Masters Degree from that institution in 1964. He then came to Lehigh University to commence work on his Doctorate. While at Lehigh he taught part-time and received a stipend for his support. All of these facts were contained in the petition for declaratory judgment and developed by the testimony. Appellant contended throughout that his student status and partial support by his parents made him a continuing resident in the household of his father. The court below concluded that appellant was not a resident of the same household as his father and entered a decree so holding from which this appeal is taken.

We need not and will not reach the merits of the dispute between the parties relative to the status of appellant under his father's uninsured motorist coverage. Despite the stipulation of the parties, the court below should not have entertained a declaratory judgment action. The dispute between the parties having arisen under the uninsured motorist provision of the policy should have been settled by arbitration. The policy in question is no different from others which we have previously interpreted. Its terms provide, with respect to the uninsured motorist provision's arbitration clause: "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily

injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, *the matter or matters* upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. . . ." (Emphasis added). From this language, appellee concludes, and so states in its petition for declaratory judgment, "that the issues [sic] of coverage under the existing policy of insurance issued to Walter W. Taylor is not a proper issue for arbitration under the insuring agreement. [Appellee] further avers that the insuring agreement provides that the only issues capable of submission to arbitration under the insuring agreement are the question of liability for damages and the amount of the alleged damages."

In defense of the parties, it should be pointed out that the petition for declaratory judgment as well as the stipulation of counsel were filed prior to the announcement of our decision in *Nat. Grange M. Ins. Co. v. Kuhn*, 428 Pa. 179, 236 A. 2d 758 on January 3, 1968. In that case, interpreting an identical arbitration clause of uninsured motorist coverage, and considering the same argument as to the scope of the arbitration, we held that all disputes between the parties arising under the uninsured motorist coverage should be decided by arbitration. We held that the phrase "matter or matters" was broad enough to indicate that the parties intended determination of all questions arising under the uninsured motorist coverage be by arbitration. We there refused to read court proceedings into the agreement to arbitrate, and determined that the arbitrator was competent to decide the question of whether the tortfeasor was or was not an uninsured motorist. Since that time, we have had other occasions to speak to the same subject. In *Harleysville*

*Mutual Ins. Co. v. Medycki,* 431 Pa. 67, 244 A. 2d 655 (1968), we reaffirmed our position that all disputes arising under the uninsured motorist coverage are covered by the arbitration agreement. In that case, we held that the arbitrator and not a court should determine whether the insured had or had not forfeited his uninsured motorist coverage by virtue of alleged noncompliance with certain policy provisions. Most recently, in *Merchants Mutual Ins. Co. v. DiUmberto,* 433 Pa. 250, 248 A. 2d 842 (1969), we followed *Kuhn* and *Medycki,* holding that the arbitrator, rather than the court, should decide the applicability or nonapplicability of a two year statute of limitations in an uninsured motorist situation.

The case at Bar is no different from *Medycki, Kuhn* or *DiUmberto* and there is no basis for a departure from our refusal to allow the arbitration provision of uninsured motorist coverage to be ignored, thereby requiring the courts to determine questions which the parties have agreed to submit to arbitration for determination. We will no more read court proceedings into the arbitration clause in the instant case than we did in *Kuhn, Medycki* and *DiUmberto.*

The decree of the court below is vacated, and the case is remanded with directions to dismiss the petition for declaratory judgment.

Mr. Justice EAGEN concurs in the result.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I believe that we should reach the merits of this case and reverse the decree of the court below, and accordingly I dissent.

In my opinion, *Merchants Mutual Ins. Co. v. DiUmberto,* 433 Pa. 250, 248 A. 2d 842 (1969), *Harleysville Mutual Ins. Co. v. Medycki,* 431 Pa. 67, 244 A. 2d 655 (1968), and *Nat. Grange M. Ins. Co. v. Kuhn,* 428

Pa. 179, 236 A. 2d 758 (1968) are completely inapplicable to the case now before us. *DiUmberto, Medycki,* and *Kuhn* all involved situations in which the claimant requested arbitration and the insurance carrier argued that the controversy was not one which fell within the arbitration clause of the insurance contract. Thus in all three cases, there was a *dispute* between the parties as to the meaning of the insurance contract, and this Court, in sending all three suits to arbitration, was interpreting the contracts.

This is not the case here. At no time in the course of the present litigation has either party resisted having the issue of whether appellant was a member of his parents' household (and thus covered by the policy in question) determined by the courts. Certainly under our decisions in *DiUmberto, Medycki* and *Kuhn,* either party *could* have required this issue to be decided by an arbitrator, but neither has ever done so. Our prior decisions only hold that a given interpretation be applied to the arbitration clause of the insurance contract *when there is a dispute* as to the clause's coverage. But the parties to a contract can always mutually change, disregard or disaffirm its terms, and if they do so, it is certainly not for the courts to hold them to their original contract, a contract to which neither party still is interested in adhering.

It is true, as the majority opinion indicates, that the petition for declaratory judgment and the stipulation to stay arbitration came before our decision in *Kuhn.* I must assume, however, that if either party felt in any way prejudiced by this turn of events, they could have so claimed, either in their briefs or at oral argument. Of course, neither did so; most likely, having come this far through the judicial system, and having had the issue (whether appellant is a member of his parents' household) almost decided once and for all, the parties see the folly of starting afresh with ar-

bitration. I do not see how this Court can *force* that result and its attendant waste of time and money on these litigants.

I appreciate the fact that if we allow cases in which neither party desires arbitration to be decided by the courts, we may increase the judicial workload.[1] That, however, is an option which the parties must have, within the jurisdictional limits set by the Legislature. The Court can hardly claim that it is a third-party beneficiary of the parties' insurance contract, and thus demand the enforcement of a provision which neither party wishes to utilize.

Although I believe that this case is properly before the courts, in my view the decision of the court below was in error on the merits, and I would reverse its determination. At the time of the accident in question, appellant was a student, working toward his Ph.D. at Lehigh University in Bethlehem, Pennsylvania. His parents lived in California. Appellant continued to maintain his voting address at his parents' California home and voted there by absentee ballot; he kept clothing, books and hobbies there; and appellant continued to receive his personal mail in California, having only his professional mail (and junk mail) delivered to his college address. Appellant received a stipend during his studies at Lehigh, which made him "marginally self-supporting;" his parents continued to occasionally send him clothing and spending money, however, and gave him spending money during the times he returned home on breaks from his studies.

While at college, appellant lived in private rooms, or shared college apartments with other graduate students. Appellant stated that at the time of the acci-

---

[1] I should point out, however, that I see no reason to expect there to be any great number of cases in which both parties will choose to not go to arbitration.

dent, he intended to continue work toward his Ph.D. by taking a teaching fellowship at Bucknell University.

On these facts, I believe that it was improper for the court below to hold that appellant was not a member of his parents' household within the meaning of the insurance policy. It of course is hornbook law that an insurance policy where ambiguous or unclear, will be construed against the insurer, and will be interpreted in order to give the result sustaining coverage. See, e.g., *Lovering v. Erie Indemnity Co.*, 412 Pa. 551, 195 A. 2d 365 (1963). In the case before us, it is clear to me that appellant continued to have his roots in his parents' home in California. He continued to have his legal residence there, and did not establish one elsewhere. The fact that he was physically in Pennsylvania is not particularly significant. "If mere physical presence is sufficient to establish a residence, without more, one could change his residence by taking a vacation." *Appleton v. Merchants Mut. Ins. Co.*, 228 N.Y.S. 2d 442, 444 (1962). Certainly had the insurance company intended physical presence to be the key factor in ascertaining coverage, it could have used explicit language so stating, see *Id.* at 446, but the use of language such as "resident of the same household" must, when construed against the insurer, indicate a different intention.

Appellant did not consider his permanent home as anywhere but the one in which his parents lived. His residence at school—rooms in private houses, and apartments shared with other students—can be characterized as nothing more than transient. Appellant never established any household *other than* that of his parents, and in my opinion this is strong indication that he remained a member of his parents' household.[2]

---

[2] This is especially true since appellant was not married, and thus had not established a "family" residence of his own, although

Courts in other jurisdictions have shown a willingness to interpret the word "household" at least as broadly as appellant requests here. See *Appleton v. Merchants Mut. Ins. Co.*, supra (child in army is part of parents' household) ; *Mazzilli v. Accident Casualty Ins. Co. of Winterthur, Switzerland*, 35 N.J. 1, 170 A. 2d 800 (1961) (parents, although separated, and child still part of same household) ; *Barker v. Iowa Mut. Ins. Co.*, 241 N.C. 397, 85 S.E. 2d 305 (1955) (child, although married and living with wife at college, was part of parents' household). *Fruchtman v. State Farm Mutual Auto. Ins. Co.*, 274 Minn. 54, 142 N.W. 2d 299 (1966) (child at college and mother not in same household), the only case relied on by appellee, is inapposite. In *Fruchtman*, the court read "household" narrowly in order to *hold against the insurer*.[3] Since each given insurance policy is to be interpreted against the insurer, to give the broadest possible coverage that may be produced by ambiguous language, there is nothing inconsistent with the decision in *Fruchtman* and the one which I believe we should reach in this case.

In summary, in my view we should reach the merits of this case and should reverse the decision of the court below. The parties, if they so desire, can then go to arbitration, limited solely to the question of damages.

Mr. Justice JONES and Mr. Justice POMEROY join in this opinion.

---

even *had* appellant been married, it would still be possible for him to remain in his parents' household within the policy. See *Barker v. Iowa Mut. Ins. Co.*, 241 N.C. 397, 85 S.E. 2d 305 (1955).

[3] The policy in *Fruchtman* excluded coverage of persons in the same household as the policyholder, apparently in an attempt to prevent collusion. 274 Minn. at 55, n.1, 142 N.W. 2d at 300, n.1.