## Preferred Risk Mutual Insurance Company, Appellant, v. Martin.

Argued November 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Harold B. Marcus,* with him *Detweiler, Sherr & Hughes,* for appellant.

*Gerald Gornish,* with him *Goodis, Greenfield, Narin & Mann,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 9, 1970:

This is an appeal by Preferred Risk Mutual Insurance Company (Preferred Risk) from the decree of the Court of Common Pleas of Philadelphia County dismissing a complaint in equity which sought to enjoin an arbitration scheduled under the uninsured motorist provision of an insurance policy contract which it had issued. The appellees are Lydia Martin (the claimant under the policy), the American Arbitration Association, under whose auspices the arbitration was to be held, and the arbitrator chosen by the Association.

The accident which gave rise to the arbitration claim occurred on September 8, 1967, when, it is alleged, Miss Martin was a passenger in an automobile and sustained serious injuries as the result of the negligence of the driver of that automobile who was an "uninsured motorist" within the terms of the policy.

Miss Martin is the foster child of Mr. and Mrs. Eli Swartz, having resided with them for eight years prior to the accident. At the time of the accident, Mr. Swartz was covered by an insurance policy with Preferred Risk which contained uninsured motorist coverage. With respect to such coverage, the policy contained the following language:

"If *any person* makes claim hereunder and the company does not agree that *such person* is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or does not agree as to the amount of payment which may be owing under this part, then, upon written demand of either, *the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association* and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. *Such person and the company* each agree to consider itself bound

and to be bound by any award made by the arbitrators pursuant to this part." (Emphasis added).

In accordance with the above provision, Miss Martin instituted arbitration proceedings before the American Arbitration Association. Prior to the date of the arbitration, Preferred Risk filed the present action to enjoin the arbitration on the ground that the policy did not cover Miss Martin, a foster child. The policy affords coverage, inter alia, to "the named insured and, while residents of the same household, the spouse of such named insured and the relatives of either".

Appellees preliminarily objected to the complaint in equity on jurisdictional grounds and also by way of demurrer. The objections were sustained and the complaint dismissed. Preferred Risk has now filed this appeal from the decree of the court below dismissing the complaint.

It is perfectly clear that the court below properly sustained the preliminary objections. In a long series of cases, we have consistently held that all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration. *Allstate Ins. Co. v. Taylor*, 434 Pa. 21, 252 A. 2d 618 (1969); *Merchants M. I. Co. v. Am. Arb. Assn.*, 433 Pa. 250, 248 A. 2d 842 (1969); *Harleysville M. Ins. Co. v. Medycki*, 431 Pa. 67, 244 A. 2d 655 (1968); *Nat. Grange M. Ins. Co. v. Kuhn*, 428 Pa. 179, 236 A. 2d 758 (1968). In *Kuhn*, we stated the principle applicable to all of these cases (428 Pa. at 185): "The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration and all such disputes should be so decided."

In our most recent case, *Allstate Ins. Co. v. Taylor*, supra, construing the identical arbitration clause here at issue, we specifically held that the question of cov-

erage—whether a person comes within the definition of "Insured" under the policy—is to be determined by arbitration. In fact, appellant concedes that *Taylor* is indistinguishable from the instant case and asks that it be overruled. Appellant urges that in *Taylor,* we overlooked *Goldstein v. Int. L. G. W. U.,* 328 Pa. 385, 196 Atl. 43 (1938). That case, which held that one who denies that he is a party to an arbitration agreement is entitled to a judicial determination of the question, is inapplicable to the instant case. There is no question whether Preferred Risk is a party to the arbitration agreement. The only question is whether the claimant is an "Insured", as the term is defined in the policy. This is a matter which the policy requires to be settled by arbitration, and we have so held in *Taylor.*

The decree of the court below is affirmed, costs to be borne by appellant.

Mr. Justice JONES concurs in the result.