Grange Mutual Casualty Company *v.* Pennsylvania Manufacturers' Association Insurance Company, Appellant.

Argued November 12, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard W. Hopkins,* with him *White and Williams,* for appellant.

*Harold B. Marcus,* with him *Detweiler, Sherr & Hughes,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 25, 1970:

Oren E. Parker sustained injuries on July 11, 1967, in Canton, Ohio, when he became involved in a collision with an automobile owned by J. R. Van Aken, which was being driven by Freeman D. Whitt, Jr. The plaintiff, Grange Mutual Casualty Company (hereinafter referred to as "Grange"), had issued to Parker a policy of liability insurance *containing an uninsured motorist coverage.* The defendant, Pennsylvania Manufacturers' Association Insurance Company (hereinafter referred to as "P.M.A."), had issued a policy of liability insurance to Van Aken.

Parker made a demand upon P.M.A. for payment of damages for his injuries and losses. P.M.A. disclaimed liability to Parker, contending that Whitt did not have the permission of the named insured (Van Aken) to use his automobile.* Parker then filed a demand with the American Arbitration Association to arbitrate his claim,** under the uninsured motorist provision of the Grange policy.

Grange thereafter brought this declaratory judgment action to have the Court declare that Whitt, the operator of Van Aken's car, was covered by the policy of P.M.A., and, therefore, was not an "uninsured motorist" within the meaning of the Grange policy. P.M.A. filed preliminary objections raising the question of jurisdiction of the lower Court to give a decision in this declaratory judgment proceeding. The lower Court dismissed the preliminary objections and P.M.A. appealed.

Initially, we shall dispose of appellee's petition to quash the appeal to this Court based on the contention that the Order of the lower Court dismissing preliminary objections to the petition for a declaratory judgment was interlocutory. The appellant contends that the appeal is authorized by Section 1 of the Act of March 5, 1925, P. L. 23, 12 P.S. §672, which permits an appeal to this Court from an interlocutory order *when it involves the lower Court's jurisdiction of the cause of action.*

This identical question was raised by a motion to quash in *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222. In *McWilliams,* we analyzed and thoroughly reviewed this question and held that the denial of a mo-

---

* It was alleged that Whitt got permission to use the automobile from Van Aken's son.

** The arbitration proceedings are being held in abeyance pending adjudication of the petition for a declaratory judgment and this appeal.

tion to dismiss a petition for a declaratory judgment on the ground of lack of jurisdiction in the lower Court was appealable to this Court under the Act of 1925. In dismissing the motion to quash, this Court said (page 650) : "In the present case, the lower Court was expressly given the *power** to hear and determine in a declaratory judgment proceeding *controversies of the general character or class here involved,**** and consequently it had jurisdiction of the subject matter. The fact that the lower Court might, or that on appeal we might determine that it should not or could not grant a judgment or decree sought by petitioner does not destroy that Court's power or nullify its jurisdiction. It follows that an Order of the lower Court exercising such *power** in response to a pleading which raises the issue is appealable under the provisions of the Act of 1925."

Accordingly, the appellee's petition to quash this appeal must be denied.

The principal question raised by this appeal is *whether the lower Court properly exercised jurisdiction* in a declaratory judgment proceeding to decide a dispute arising under a policy with an uninsured motorist coverage (a) *when there was an arbitration clause in the policy, and (b) when there was an issue of fact.****** We hold that these issues were matters for arbitration and not for a declaratory judgment proceeding in the lower Court and consequently the lower Court improperly assumed and exercised jurisdiction. *Allstate Ins. Co. v. Taylor*, 434 Pa. 21, 252 A. 2d 618; *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236

---

\* Italics in *McWilliams v. McCabe* Opinion.

\*\* Italics, ours.

\*\*\* Whether the operator of the P.M.A. vehicle (Whitt) had permission of the named insured to operate the vehicle so as to be an insured motorist thereunder.

A. 2d 758; *Mains v. Fulton,* 423 Pa. 520, 224 A. 2d 195; *Carlsson v. Pa. General Ins. Co.,* 417 Pa. 356, 207 A. 2d 759; *Allstate Insurance Co. v. Seward,* 407 Pa. 628, 182 A. 2d 715.

Order reversed and petition dismissed. Costs to be paid by appellee.

Mr. Justice COHEN and Mr. Justice POMEROY concur in the result.

Mr. Justice JONES dissents.

Mr. Justice EAGEN and Mr. Justice ROBERTS would quash the appeal.