## Powell v. Volkswagen Insurance Company

*Gross & Sklar,* for plaintiff.

*Miles Warner,* for defendant.

HIRSH, J., March 12, 1974.—Plaintiff, Edwin S. Powell, was involved in a motor vehicle accident with an uninsured driver. At the time of the accident, plaintiff was covered by an insurance policy issued by Volkswagen Insurance Company which included provisions for uninsured motorist coverage and for common-law arbitration of all disputes arising under the uninsured motorist provision. Thereafter, plaintiff made a claim under his policy but a dispute arose between the parties as to whether plaintiff had satisfied certain conditions of the policy and whether plaintiff is, therefore, entitled to recover anything under the uninsured motorist provision of the policy. That dispute is presently before this court because of plaintiff's petition to compel arbitration and defendant's answer thereto.

In its answer, defendant alleges that plaintiff has failed to satisfy conditions nos. 5 and 6 of the policy. These two conditions basically provide that the insurer may require the insured to take such action as may be necessary or appropriate to preserve its right to revover damages from any person or organization alleged to be legally responsible for the insured's bodily injury (condition no. 5) and that no action shall lie against the insurer under this contract, unless there is full compliance with all the terms of the policy, condition no. 6:

On the basis of these two conditions, defendant alleges that no arbitration can occur until plaintiff executes Form SR-21 of the Commonwealth's Department of Transportation, that form being necessary to protect the insurer's right of recovery against the uninsured motorist. Furthermore, defendant alleges

that plaintiff has also failed to enter into a suit against the uninsured motorist, and, therefore, the present defendant need not participate in any arbitration until plaintiff enters such a suit. However, defendant is ignoring one significant fact, i.e., that all disputes arising under the terms of the uninsured motorist provision of this insurance policy must be submitted to arbitration. Specifically, that policy provides that "[i]f any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the Insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator."

In light of this arbitration provision, this court must conclude that the insured and the insurer have agreed to submit the present dispute to arbitration and, accordingly, plaintiff's motion to compel the appointment of an arbitrator must be granted.

In addition to the clear language of the insurance policy, the appellate courts in this Commonwealth have clearly and consistently held that "all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration": Preferred Risk Mutual Insurance Company v. Martin, 436 Pa. 374 at 376, 260 A. 2d 804 (1970). See also Great American Insurance Company v. American Arbitration Association, 436 Pa. 370, 260 A. 2d 769 (1970): Grange Mutual Casualty Co. v. Penna. Manufacturers' Association Insurance Co., 438 Pa. 95, 263 A. 2d 732 (1970); Smith v. Employers' Liability Assurance Corp., Ltd., 217 Pa. Superior Ct. 31, 268 A. 2d 200 (1970); Allstate Insurance Co. v. McMonagle, 449 Pa. 362, 296 A. 2d 738 (1972).

Here, the dispute about plaintiff's uninsured motorist coverage clearly arises under the terms of the policy and concerns whether plaintiff has satisfied those terms. Such questions are not for this court's attention but are properly the subject of arbitration. Whether plaintiff failed to cooperate with defendant and whether plaintiff is entitled to uninsured motorist benefits are issues for the arbitrators and not this court.

Accordingly, it is, therefore, ordered and decreed that petitioner's demand for arbitration is granted and Volkswagen Insurance Company is directed to appoint within 20 days from the date hereof an arbitrator to act on its behalf.