The Hartford Insurance Group, Appellant, *v.*
Kassler.

Argued November 13, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH,
JJ. (SPAULDING, J., absent.)

*R. Conway,* with him *John E. Kunz,* and *Meyer,
Darragh, Buckler, Bebenek & Eck,* for appellant.

*Bernard S. Shire,* with him *Shire, Bergstein &
Bialon,* for appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from the order of the Common Pleas Court of Fayette County sustaining the appellee's preliminary objections to the appellant's petition for a declaratory judgment.

The appellee, Barbara Kassler, was injured in June of 1969 when her automobile collided with an automobile owned by William Binns but operated by Edward Radel. Radel claimed that Binns gave him permission to operate the automobile. Binns denied this.

Appellee instituted trespass actions against Radel and Binns. Radel did not have automobile liability coverage, and Binns' insurance carrier claimed that there was no coverage under its policy with Binns as Radel's use was non-permissive. Before proceeding with this action, appellee made a claim against appellant, Hartford Insurance Group, under the uninsured motorist provisions of her policy. After settlement with Binns, appellee instituted arbitration proceedings against appellant for recovery under the policy.

An arbitration hearing was scheduled and continued at appellant's request. Appellant then filed a petition for a declaratory judgment seeking a ruling that it was not obligated to make any payment to the appellee under the policy. Appellee filed preliminary objections to the petition contending that the court could not entertain a declaratory judgment action because the dispute was subject to arbitration.[1] The court below sustained the preliminary objections and this appeal followed.

---

[1] Appellant has not argued that the dispute between the parties, i.e., whether the tortfeasor was an "uninsured motorist" thereby entitling appellee to benefits under her policy, was not subject to arbitration. Appellant argues that a declaratory judgment proceeding was an available alternative remedy.

Appellant contends that the availability of arbitration does not preclude resort to declaratory judgment for the resolution of the dispute. Appellant relies upon *Friestad v. Travelers Indemnity Company,* 452 Pa. 417, 306 A. 2d 295 (1973) which holds that a declaratory judgment is an alternative remedy, not an extraordinary one, and that the availability of another remedy at law could not alone prevent a party from obtaining a declaratory judgment in any case where the other essentials for such relief are present.

We do not believe that a court must entertain a declaratory judgment action when the parties to a contract have agreed upon a forum to resolve disputes, and one of the parties insists that forum be employed.[2] In *Friestad,* the lower court had erroneously precluded declaratory judgment because of the availability of other appropriate court action. *Friestad* is distinguishable on its facts,[3] because the case involved an option which was *available* to the parties, not one *contracted* to by the parties.

There are, moreover, substantial policy reasons for sustaining the lower court's action. The inclusion of an arbitration agreement in a contract for the resolution of disputes thereunder "indicates that the parties

---

[2] This is not a case in which the parties have waived their right to arbitrate the dispute by allowing the case to proceed through court action. See *Allstate v. Taylor,* 434 Pa. 21 (1969) (dissenting opinion) ; *Bankes v. State Farm Mut. Ins. Co.,* 216 Pa. Superior Ct. 162, 164 n.1 (1970).

[3] The Supreme Court disavowed the reasoning of *Wirkman v. Wirkman,* 392 Pa. 63, 139 A. 2d 658 (1958) which held that declaratory judgment was precluded by the availability of arbitration. That case rested upon the "McWilliams rule" rejected in *Friestad,* 452 Pa. 417, 424, 306 A. 2d 295 (1973). The *Wirkman* court did not reach the question of whether declaratory judgment was improper because the parties had previously agreed to exclude resort to court proceedings to resolve their disputes. 452 Pa. 417, 424 n. 8.

contemplated one method, *and one method only*, for the resolution of disputes under this [contract]. That method was arbitration and all such disputes should be so decided." *Preferred Risk Mutual Ins. Co. v. Martin*, 436 Pa. 374, 376 (1970) (emphasis added). Our Supreme Court has consistently refused "to read court proceedings into . . . agreement[s] to arbitrate", *Allstate Ins. Co. v. Taylor*, 434 Pa. 21, 24 (1969); and, has held that disputes arising under uninsured motorist clauses containing an agreement to arbitrate are "to be determined by arbitration and not judicially." *Harleysville Mutual Ins. Co. v. Medycki*, 431 Pa. 67, 73, 244 A. 2d 655 (1968). These cases rest, not upon the non-availability of a declaratory judgment as an alternative remedy, but upon the exclusion, by agreement, of court proceedings as a vehicle for the resolution of disputes. To permit a declaratory judgment proceeding would render the parties' agreement to arbitrate disputes nugatory. We do not believe that the Supreme Court intended such a result in *Friestad*.

The order of the court below is affirmed.