## Enders v. Nationwide Mutual Insurance Company

*Richard C. Angino,* for plaintiff.
*Clyde W. McIntyre,* for defendant.

DOWLING, *J.,* February 20, 1976—A serious threshold question must be resolved before we can embark upon the perilous sea of uninsured motorist coverage.

Fred Enders lost a leg because of the admitted negligence of an uninsured motorist. While at the time of the accident he was operating a vehicle owned by his employer, he was the owner of two automobiles insured by Nationwide. The insurance contract included uninsured motorist coverage in the amount of $10,000 with respect to each vehicle. Plaintiff claims he is entitled to $20,000, the total of the limits on each car. Defendant has paid $10,000 and submits that this is the extent of its liability; thus presenting another vexatious "stacking"[1] case.

The policy in question contains an arbitration provision for the settlement of disputes arising out of the uninsured motorist provision. That provision provides:

"ARBITRATION. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile

1. See Blocker v. Aetna Casualty Insurance Co., 95 Dauph. 436 (1973), affirmed in a 4 to 3 decision in the Superior Court after reargument, 232 Pa. Superior Ct. 111, 332 A.2d 476 (1975).

because of bodily injury to the insured *or do not agree as to the amount payable hereunder,* then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator. . . . The arbitrators shall then hear and determine the questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company. . . ." (Emphasis supplied.)

Despite this, the parties rather informally agreed that the court should decide the issue without the matter going to arbitration.[2] After the pleadings in the present assumpsit action were concluded by concurrent motions for summary judgment, or judgment on the pleadings, plaintiff apparently had a change of heart and raised tangentially the issue of jurisdiction. Our study and, as plaintiff frankly admits, his own subsequent research, indicate this to be a substantial problem. Not only is the substantive matter of "stacking" beset with complexity and uncertainty as attested by the numerous, sometimes inconsistent, and invariably split decisions, but the jurisdictional issue "is extremely difficult.": Judge Spaeth in United Services Auto. Assn. Appeal, 227 Pa. Superior Ct. 508, at 510, 323 A.2d 737 (1974).

Pennsylvania courts have said repeatedly that all questions under an uninsured motorist clause with an arbitration provision are within the exclusive jurisdiction of the arbitrators: Allstate Insurance

---

2. An exchange of letters between counsel provided, in essence, that a suit would be instituted in Common Pleas Court and that there would be no objection on the basis of the arbitration provision.

Co. v. McMonagle, 449 Pa. 362, 296 A.2d 738 (1972); Nationwide Mutual Ins. Co. v. Barbera, 443 Pa. 93, 277 A.2d 821 (1971); Preferred Risk Mut. Ins. Co. v. Martin, 436 Pa. 374, 260 A.2d 804 (1970); Great American Ins. v. American Arbitration Association, 436 Pa. 370, 260 A.2d 769 (1970); Pennsylvania General Ins. Co. v. Barr, 435 Pa. 456, 257 A.2d 550 (1969); Allstate Insurance Co. v. Taylor, 434 Pa. 21, 252 A.2d 618 (1969); Merchants Mut. Ins. Co. v. Am. Arb. Assoc., 433 Pa. 250, 248 A.2d 842 (1969), Harleysville Mut. Ins. Co. v. Medycki, 431 Pa. 67, 244 A.2d 655 (1968); National Grange Mut. Ins. Co. v. Kuhn, 428 Pa. 179, 236 A.2d 758 (1968); Hartford Ins. Grp. v. Kassler, 227 Pa. Superior Ct. 47, 324 A.2d 521 (1974); Allstate Ins. Co. v. Blackwell, 223 Pa. Superior Ct. 401, 301 A.2d 890 (1973).

Many cases illustrate the hard line taken by our appellate courts in refusing to become involved in cases where the parties have provided for arbitration. Thus, in Hartford Ins. Grp. v. Kassler, supra, the court stated that the inclusion of the arbitration agreement "indicates that the parties contemplated one method *and one method only* for the resolution of disputes under this [contract]": page 49 (emphasis in original).

In Allstate Insurance Co. v. McMonagle, supra, we find the following strong language, at page 367: "The parties to the insurance contract determined in advance to submit disputes arising under the uninsured motorist coverage of the policy to arbitration and they must abide by the predetermination." See also Providence-Washington Insurance Group v. Tobash, 65 D. & C. 2d 569 (1974), and Erie Insurance Exchange v. Ryan, 66 D. & C. 2d 28 (1974).

Given this environment, it is, therefore, not surprising to find that even though both parties seek the court's intervention, they are barred by their original contract determination and remitted to the forum initially selected. In Allstate Ins. Co. v. Taylor, supra, the parties specifically stipulated that arbitration be stayed pending declaratory judgment action on whether the party injured in the accident was a member of the insured's household. The Supreme Court refused to reach the merits of the dispute, stating at pages 23-4: "Despite the stipulation of the parties, the court below should not have entertained a declaratory judgment action. The dispute between the parties having arisen under the uninsured motorist provision of the policy should have been settled by arbitration ... there is no basis for a departure from our refusal to allow the arbitration provision of uninsured motorist coverage to be ignored, thereby requiring the courts to determine questions which the parties have agreed to submit to arbitration for determination."

The insurance company distinguishes Allstate from the instant case because, there, the parties merely agreed to stay arbitration pending an adjudication in the declaratory judgment action. While the case is not factually identical, the judicial attitude is overwhelmingly anti-waiver.

United Services Auto. Ins. Assn. Appeal, supra, states flatly that the general rule is that all disputes arising under an uninsured motorist clause must go to arbitration *even if arbitration is waived*. The opinion does discuss certain cases which seem to be exceptions to the rule but concludes at page 516:

"Thus the rule, to which all of the cases conform, is that where the application or construction of the

uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable."

It seems clear that, in the present controversy, i.e., the amount of insurance applicable, we are clearly concerned with the construction of the uninsured motorist clause and not, as defendant contends, with the statutory validity of the limits of liability. Any doubt on this matter is laid to rest by an examination of Nationwide Mutual Ins. Co. v. Ely, 221 Pa. Superior Ct. 138, 289 A.2d 113 (1972), where, in a properly worded provision, the court held that insurance companies may contractually prevent the accumulation of individual coverages on several automobiles.

In a concurring opinion by Judge Spaeth in Sands v. Granite Mutual Ins. Co., 232 Pa. Superior Ct. 70, 331 A.2d 711 (1974), appears the following pertinent language:

"If the policy did contain a standard uninsured motorist clause (including a common law arbitration provision), and then the insured signed an agreement waiving that clause's protection, it would follow that the lower court had no jurisdiction over the dispute. This would be so because the arbitration provision in the uninsured motorist clause would vest jurisdiction in the arbitrators to decide the validity of the agreement of waiver. Put differently, the agreement of waiver would be treated the same as would be any other claim by the company that the clause did not apply, and our Supreme Court has consistently held that even defenses

going directly to the applicability of the common law arbitration clause (when the clause is present) are to be decided by the arbitrators, not the courts."

Of particular significance is the footnote found on page 83:

"It should be noted that if there were an arbitration clause in the policy, not even an explicit stipulation by both parties that they did not wish to submit the dispute to arbitration would properly take the dispute out of arbitration and into the courts. Allstate Ins. Co. v. Taylor, 434 Pa. 21, 252 A.2d 618 (1969); accord, United Services Auto. Ass'n Appeal [Webb v. United Services Automobile Ass'n], 227 Pa. Superior Ct. 508, 515 n. 6. 323 A.2d 737, 740 n. 6 (1974)." This is consistent with Children's Hospital of Philadelphia v. Am. Arb. Assn., 231 Pa. Superior Ct. 230, 331 A.2d 848 (1974), wherein appears the following relevant remark: "Since this is not an uninsured motorist insurance case, jurisdictional defects may be waived." Concurring opinion, p. 238.

Finally, defendant argues basic contract law to the effect that parties to a contract may always modify the terms of their agreement. This, however, ignores the above decisions involving the particular issue before the court. It might here be appropriate to note that the insurance policy in question provides that its terms may be waived or modified only by policy endorsement. Correspondence between counsel would hardly seem to fulfill this requirement. It is also obvious that plaintiffs' ardor for court proceedings has waned; thus, we are not in reality forcing parties to adhere to a method of settlement which both have unconditionally repudiated.

In these days of multitudinous lawsuits with at-

tending overcrowded dockets and judicial workload, it is not surprising that the courts let the parties lie upon the bed which they have made.

Accordingly, the voyage through the uninsured motorist maze cannot be undertaken.

And now, February 20, 1976, plaintiffs' and defendant's motions for summary judgment and for judgment on the pleadings are denied and the case is dismissed, the court lacking jurisdiction.