## Kuppinger v. Erie Insurance Co.

*John A. Miller*, for plaintiff.
*C. Gus Kwdis*, for defendant.

WALKO, *J.*, November 30, 1982—Currently before the court for disposition is a petition by plaintiff to stay proceedings and compel arbitration in a

matter arising from a motor vehicle accident. The pertinent facts are as follows.

On September 9, 1979, plaintiff Phillip S. Kuppinger, while a passenger in an automobile driven by Edward LaRose, was severely injured as a result of an accident which occurred in Center Township, Beaver County, Pennsylvania. On March 24, 1981, Kuppinger filed a trespass action against LaRose for personal injuries at no. 620 of 1981. At the time of the accident, LaRose was insured under a policy issued by Erie Insurance Company. By way of a letter dated June 16, 1982, Erie Insurance tendered $15,000, the bodily injury limits under the policy to plaintiff. Kuppinger did not and has not accepted that offer. Instead, he praeciped for a writ of summons and later filed a second complaint in trespass and assumpsit at no. 1837 of 1981 against Erie, as insurer of LaRose, to collect uninsured motorist benefits under LaRose's policy. Kuppinger alleges that he, as an insured under the policy, was injured by the joint negligence of LaRose and an unidentified driver of another vehicle which resulted in LaRose's automobile leaving the highway and striking a telephone pole. The uninsured motorist coverage under the issued policy is $15,000.

After filing the second complaint, Kuppinger then filed this petition to stay the proceedings and compel arbitration under the insurance policy. The issues to be arbitrated, under our understanding, would be:

(1) The determination of whether or not there was a "phantom driver."

(2) If so, was that "phantom driver" negligent in the operation of his vehicle?

(3) If so, did such negligence contribute in causing the injuries to plaintiff?

(4) If so, what is the just compensation to plaintiff for the injuries sustained; and

(5) If plaintiff's injuries equal or exceed $30,000 and were caused by the joint negligence of LaRose and the phantom driver, can plaintiff recover the limits under both the bodily injury and the uninsured motorist categories under Erie's policy?

Erie concedes that the $15,000 offered to settle Kuppinger's bodily injury claim against LaRose does not reduce the $15,000 uninsured motorist coverage under its policy. Erie further concedes that the construction of the uninsured motorist coverge does not reduce the amount tendered under the bodily injury coverage of the policy. These concessions appear to resolve point (5) above as to issues to be resolved. Erie argues that under the facts of this case, plaintiff may only recover the bodily injury coverage because there was no "phantom driver." Erie further argues that plaintiff is attempting to secure additional funds in this case under the theory of "under insurance." At this point in the proceeding, without the benefit of having the full facts determined, we must disagree.

In the present action, plaintiff has alleged that his injuries were caused by the joint negligence of LaRose and the other unknown driver. Even though there is no allegation of contact between the vehicles, under United Services Auto Association Appeal, 227 Pa. Super. 508, 323 A. 2d 737 (1974) plaintiff has stated a claim that can support a recovery of uninsured motorist benefit.

Under Pennsylvania law, all questions presented under an uninsured motorist clause with an arbitration provision are within the exclusive jurisdiction of the arbitrators. Allstate Insurance Co. v. McMonagle, 449 Pa. 362, 296 A. 2d 738 (1972).

Defendant's policy contains a provision that disagreements over the legal right to recover damages or the amount of damages will be settled by arbitration. What is needed is a determination by an appropriate tribunal of what are the facts as to the existence or non-existence of the "phantom driver."

We can see no harm to Erie from allowing Kuppinger to go to arbitration on the issue of uninsured motorist coverage under Erie's policy. If it is determined that there was no "phantom driver," then Erie has not lost anything and its maximum exposure will be no more than $15,000 bodily injury policy limit tendered. If, however, the arbitration panel concludes that there was another unidentified vehicle that jointly contributed to plaintiff's injuries, Erie will be exposed to no more in compensating plaintiff for the total extent of his injuries than it would otherwise face if, in fact, another identifiable uninsured motor vehicle were involved in the accident.

For these reasons, we make the following order.

## ORDER

And now, November 30, 1982, after consideration of arguments of counsel, it is ordered and directed that these proceedings are stayed pending arbitration between the parties. The parties are to select the arbitrators to hear the issues involved in this action within thirty days and are to proceed to arbitrate those issues in accordance with the terms of defendant's insurance policy.