## Kivlin v. Allstate Insurance Co.

*Nicholas E. Fick,* for petitioner.
*Joseph P. Lenahan,* for respondent.

O'MALLEY, *J.,* June 1, 1989 — This case involves the all too prevalent situation wherein an insurance policyholder, believing he has coverage under the language of the policy he has paid for, is informed by the insurer, when payoff time comes, that such is not to be the case.

The matter began on June 27, 1987 when Michael Kivlin Jr., a minor, the son of Michael Kivlin Sr. and Mary Rose Kivlin, petitioners, was struck, while riding his bike in the City of Scranton, by a vehicle operated by one John J. DeStefano. It is alleged that the boy sustained severe and permanent injuries requiring substantial medical care. Metropolitan Property and Liability Insurance Company, the in-

surer of DeStefano's vehicle, tendered the sum of $50,000, the limit of the insurance coverage under the policy to Mr. and Mrs. Kivlin as the natural guardians of their minor son but it is further alleged that the costs of the injuries he sustained far exceed this amount. The Kivlins aver that DeStefano's vehicle was an underinsured motor vehicle under the Pennsylvania Motor Vehicle Financial Responsibility Law (75 Pa. C.S. §1701 et seq.); that respondent Allstate Insurance Company was the insurance carrier on two vehicles the petitioners owned at the time of the accident and that their son was covered under the uninsured/underinsured motorist provisions of the policy. A request for payment has been refused by Allstate on the grounds that young Kivlin is not a "resident relative" which would allow him to be an insured under the terms of the policy. The rationale for this attitude is Allstate's contention that the parents were separated at the time with the boy residing exclusively with his mother whom herself had no policy coverage by respondent, and that a declaratory judgment must first determine if the minor is a person insured before he can invoke the policy's arbitration clause. The Kivlins agree they were separated at the time of the accident but argue that they had joint custody of the boy and that the vehicles of both the parents were insured under the policy. They requested Allstate to appoint an arbitrator. Allstate has refused to do this and, instead, has instituted suit for a declaratory judgment.[1] A rule was obtained on February 6, 1989 by the Kivlins upon Allstate to

---

1. Filed in the Court of Common Pleas of Lackawanna County under the caption *Allstate Insurance Co. v. Michael Kivlin Jr., a Minor By and Through his Parents and Natural Guardians, Michael Kivlin Sr. and Mary Rose Kivlin, Individually*, no. 89-CIV-666.

show cause why the petition they presented for appointment for an arbitrator should not be granted in the instant case.

The petition will be granted.

The pertinent terms of the subject insurance policy read as follows:

"Uninsured and Underinsured Motorists Insurance — Coverage SS —

"We will pay damages for bodily injury, sickness, disease or death which a person insured is legally entitled to recover from the owner or operator of an insured or underinsured auto. Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured or underinsured auto. The right to benefits and the amount payable will be decided by agreement between the person insured and Allstate. If the person insured and we can't agree, the decision will be made by arbitration.

"If a persons insured sues a person believed responsible for the accident, we aren't bound by any resulting judgment unless we received reasonable notice of the pendency of the suit resulting in the judgment and had a reasonable opportunity to protect our interests in the suit.

"Persons Insured —

"(1) You and any relative who resides in your household.

"(2) Any person while occupying your insured auto, and

"(3) Any other person who is legally entitled to recover because of bodily injury to you, a relative who resides in your household, or any occupant of your insured auto."

If the language of a policy prepared by the insurer is ambiguous or obscure, the language will be construed most favorably to the insured. *Blocker v. Aetna Casualty & Surety Company,* 232 Pa. Super.

111, 332 A.2d 476 (1975). A general policy exists favoring arbitration of contractual differences. *Wolf v. Baltimore,* 250 Pa. Super. 230, 378 A.2d 911 (1977). It has been noted in text that:

"In cases arising under the uninsured and underinsured motorist provisions in the typical automobile policy, the courts have generally taken an extremely broad view of the scope of the arbitration agreement and held that under the agreement the parties contemplated that all disputes would be arbitrated." Feldman, Pennsylvania Trial Guide, Vol. 1, at 16.5.

The Pennsylvania Supreme Court has long expressed the view that all questions arising under this clause should be determined by arbitration. *Allstate Insurance Company v. McMonagle,* 449 Pa. 362, 296 A.2d 738 (1972) and cases cited therein. In *National Grange Mutual Insurance Company v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968), the court said that court proceedings should not be read into the agreement to arbitrate. Along these lines it quoted with approval the dissent in *Rosenbaum v. American Surety Company of New York,* 11 N.Y. 2d 310, 229 N.Y.S. 2d 375, 183 N.E. 667 (1962):

"We should not read into the agreement a provision for piecemeal treatment of a specified area of dispute by two separate and distinct procedures. If we do so, we will be adding a new type of cause to an already overburdened court calendar with its attendant delay, personal effort and financial burden, which could be expeditiously and promptly disposed of in the manner upon which the parties have agreed. The policy endorsement was drawn by the company for which the insured paid an extra premium and now finds, six years after the fatal injury, that she has not yet been able to pin the

company down to its clearly expressed obligation. If there is any ambiguity which I do not concede, then under accepted rules of interpretation it must be resolved against the company." *Rosenbaum, supra.*

Allstate argues that the question of whether the minor is an insured under its policy able to enforce the arbitration provisions is one that must be dealt with by a declaratory-judgment action, not arbitration under the policy terms. This argument is not the one accepted by the Pennsylvania state courts. In *Allstate Insurance Company v. Taylor,* 434 Pa. 21, 252 A.2d 1618 (1969) the matter to be determined was whether a graduate student attending a Pennsylvania University was "a resident of same household" of the policyholder, namely his father who resided in California. The court held that a declaratory-judgment action was not the way to proceed but rather that the dispute between the parties arising under the uninsured motorist provision should have been settled by arbitration. In *Preferred Risk Mutual Insurance Company v. Martin,* 436 Pa. 374, 260 A.2d 804 (1970) the question was whether a foster child of the policyholder was under a clause which afforded coverage, inter alia, to "the named insured and, while residents of the same household, the spouse of such insured and the relatives of either." Holding that arbitration was the correct procedure, the court stated:

"In a long series of cases, we have consistently held that all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration." *Martin, supra.*

Citing *Taylor, supra,* it held that the question of coverage — whether a person comes within the definition of "insured" under the policy — is to be determined by arbitration.

In *Hartford Insurance Group v. Kassler,* 227 Pa. Super. 47, 324 A.2d 521 (1974) it was stated:

"We do not believe that a court must entertain a declaratory-judgment action when the parties to the contract have agreed upon a forum to resolve disputes, and one of the parties insists that forum be employed . . . To permit a declaratory-judgment proceeding would render the parties' agreement to arbitrate negatory." *Kassler, supra.*

Respondent states the proposition that, "In order to be an insured, Michael Kivlin Jr. must be a resident in the named insured's household."[2] Apparently it is given that Mr. and Mrs. Kivlin are separated. Respondent then claims, which the Kivlins deny, that the minor resides exclusively with Mrs. Kivlin who is not a named insured on the policy. Allstate then argues that thus, the minor is not a "resident relative" and further, that it must first be determined by declaratory judgment, whether the minor was an "insured" so as to be able to enforce the arbitration clause to begin with. We believe this to be an exercise in legal sophistry and an attempt by Allstate to evade the arbitration it agreed to by having the heart of the matter, i.e. coverage, determined in the declaratory-judgment proceedings. The rule to which all the Pennsylvania state cases conform is that where the application or construction of the uninsured/underinsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as

2. We note in passing that courts have shown a willingness to interpret the word "household" broadly. See *Mazzilli v. Accident Casualty Ins. Co. of Winterthur, Switzerland,* 170 A.2d 800 (N.J. 1961) — parents, although separated, and child still part of same household.

474

being contrary to a constitutional legislative or administrative mandate, or against public policy, or unconscionable. *Webb v. United Services Automobile Association,* 227 Pa. Super. 508, 323 A.2d 737 (1974). We hold that the issues raised here are matters for arbitration and not for a declaratory-judgment proceeding.

## ORDER

Now, June 1, 1989, for the reason set forth in the accompanying opinion, it is hereby ordered and decreed that the petition for appointment of arbitrator is granted; the parties shall each appoint an arbitrator within 30 days of the date of this order.