## Erie Insurance Exchange v. Danielson

*Craig R. F. Murphy* and *T. Warren Jones,* for plaintiff.
*Bernard J. Hessley,* for defendant.

WOLFE, *P.J.,* April 16, 1991—For disposition are defendant's preliminary objections to plaintiff's complaint seeking declaratory judgment on the terms of its vehicle insurance coverage. Defendant raises an issue of our jurisdiction to determine the issue and a demurrer to the complaint.

The factual background is not in dispute. On May 3, 1987, defendant, a passenger in a motor vehicle operated by Brian Petruney, collided head-on with a vehicle operated by Doreen Flick, the latter being uninsured. Defendant sustained injuries; and at a prior action defendant recovered, through Erie Insurance Exchange, a portion of the settlement against the Petruney operator. Since the Flick vehicle was uninsured, defendant recovered nothing and now seeks both underinsured and uninsured damages through the policy of his mother, Mary Jane Danielson, issued by plaintiff.

Plaintiff's complaint for declaratory judgment requests this court to make a judicial determination if defendant is precluded form recovering on both the uninsured motorist coverage and the underinsured motorist coverage of his mother's policy. It is plaintiff's argument that defendant is entitled to access only one of the coverages, not both. To support the argument, plaintiff advances the policy issued to defendant's mother specifically excludes recovery under *both* the uninsured and underinsured provisions.

To this contention defendant's preliminary objection is that this court lacks jurisdiction to make the determination because the policy issued to defendant's mother carries a provision that any disagreement over the legal rights to recover *damages* will be settled by arbitration under the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. §§7301-7320. Defendant's demurrer is coupled with the jurisdictional question.

After a study of the parties' briefs and our own research, we conclude the preliminary objections must be dismissed.

We have no hesitation in agreeing with defendant the issues of damages and the amount thereof are for

arbitration; indeed, as defendant argues, the Mary Danielson policy clearly provides:

"We will pay damages that the law entitles you or your legal representative to recover from the driver or owner of an uninsured motor vehicle. Damages must result from an accident arising out of the maintenance or use of a motor vehicle."

The Danielson policy likewise has a similar provision for an underinsured motorist.

In our view, defendant has misinterpreted the Danielson provision directing what issue is subject to arbitration. In this regard plaintiffs argue that issues of law are for the court to determine, leaving issues of fact to arbitration. The Danielson policy is unequivocal that it will "pay damages that the law entitles you or your legal representative to recover," etc. Clearly, damages, if any, and the amount thereof is for arbitration. However, the Arbitration Act, *supra,* makes it clear issues of law are for the court.

Title 42 Pa.C.S. §7303, Validity of Agreement to Arbitrate, provides:

"A written agreement to subject any existing controversy to arbitration or a provision in a written agreement to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, *save upon such grounds as exists at law or in equity relating to the validity, enforceability or revocation of any contract.* " (emphasis supplied)

Under the Arbitration Act of 1927, the court recognized and has construed a similar provision under that act to mean questions of law are for the court and not for the arbitrators. *Women's Society for the Prevention of Cruelty to Animals of Pennsylvania v. American Arbitration Assn.,* 440 Pa. 34, 269 A.2d 888 (1970). There, the cause of action arose

prior to the Act of 1980, and the issue was the termination of appellee's employment wherein appellant commenced an action in equity in the Court of Common Pleas of Philadelphia County seeking permanent injunctive relief against continuing arbitration, notwithstanding the parties had initially submitted the contract to arbitration. The court stated:

"The issue of whether this dispute is one that is covered by the terms of the arbitration agreement is one for the court to determine. . . . As Chief Justice Stern explained in his opinion in *Phila. Mar. Trade Assn.* [*v. Longshoreman's Assn.,* 382 Pa. 326, 115 A.2d 733 (1955)], *supra,* at page 336, 115 A.2d at page 738:

" 'The construction of a contract to determine what questions the parties have agreed therein to submit to arbitration is one, not for the arbitrators themselves, but for the court to decide, and the court will not readily infer that it was intended to empower the arbitrators to determine the extent of their own jurisdiction: . . .' " (citations omitted)

Instantly, under the 1980 Act, the legislature, without any room for contradiction, accepted the exclusivity from arbitration of issues of law addressing enforceability of a contract.

We accept plaintiff's argument the presence of and the extent of coverage under the Danielson policy is for the court to determine and not the arbitrators. *Nonemacher v. Aetna Casualty Insurance Co.,* 710 F.Supp. 602 (E.D. Pa. 1990). A recent case authored by our colleague, Judge Rubright, in *Hopkins v. Donegal Mutual Insurance Co.,* 6 D.&C. 4th 196 (1990), discusses the effect and consequences of arbitration clauses as related to issues of fact. *Hopkins, supra,* cites *Allstate Insurance Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969), wherein,

under the arbitration clause regarding the right to recover damages from the owner or driver of an uninsured motor vehicle or an underinsured motor vehicle is for the arbitrators and not the court as the issue is one of damages; that is, the extent to which damages are recoverable. So, too, is cited *Preferred Risk Mutual Insurance Co. v. Martin,* 436 Pa. 374, 260 A.2d 804 (1970), wherein the court held all disputes arising under an uninsured motorist clause of a standard insurance policy must be settled by arbitration and cites *National Grain Mutual Insurance Co. v. Kuhn,* 428 Pa. 179, 326 A.2d 758 (1968). In the holding of *Preferred Risk, supra,* the issue if a plaintiff comes within the definition of an "insured" under the policy is to be determined by the arbitrators. Again, we interpret this as being an issue of fact rather than an issue of law under the arbitration clause. Extending this concept is *Rocca v. Pennsylvania General Insurance Co.,* 358 Pa. Super. 67, 516 A.2d 772 (1986), which held a dispute over the amount of damages is determinable by arbitration and not the court.

Instantly, the arbitration agreement in the Danielson policy is unequivocal in that plaintiff will pay damages that the law entitles defendant to recover. By the very terms of the contract between the parties in the instant policy, it is clear the question of damages is for the arbitrators and the question of law, if defendant is entitled to both underinsured and uninsured damages, is for the court to decide. Hence, it is a compelling conclusion there is simply no issue before the arbitrators of *both* the underinsured and uninsured provisions of the parties' arbitration agreement, and the compelling conclusion is by the parties' agreement they excluded *both* vehicles from recovery in arbitration.

We do not, at this time, determine the extent of the coverage, whether it be underinsured or uninsured, but only resolve the preliminary objections; and we enter the following

## ORDER

And now, April 16, 1991, defendant's preliminary objections to plaintiff's complaint for declaratory judgment are denied. Defendant is granted 20 days to file an answer to the complaint.