321 F.2d 870
 John MONTE and Robert Monte, trading as John Monte Company,
v.
SOUTHERN DELAWARE COUNTY AUTHORITY, Appellant.
SOUTHERN DELAWARE COUNTY AUTHORITY, Appellant,
v.
John MONTE and Robert Monte, trading as John Monte Company.
 No. 14366.
 No. 14367.
 United States Court of Appeals Third Circuit.
 Argued June 20, 1963.
 Decided August 26, 1963.
 
 W. Bradley Ward, Philadelphia, Pa. (Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., de Furia, Larkin, de Furia, Chester, Pa., Samuel D. Slade, Bancroft D. Haviland, Philadelphia, Pa., on the brief), for appellant.
 Otis W. Erisman, Philadelphia, Pa., Truscott, Kline, O'Neill & Howson, Philadelphia, Pa., Cramp & D'Iorio, Media, Pa., Frank F. Truscott, Philadelphia, Pa., John F. Cramp, Media, Pa., on the brief), for appellees.
 Before BIGGS, Chief Judge, and STALEY, Circuit Judge, and STEEL, District Judge.
 STALEY, Circuit Judge.
 
 
 1
 The narrow question presented by this appeal is whether the district court is precluded from reviewing an arbitrators' award because the parties have contractually agreed that such review would be limited to the common pleas courts of Pennsylvania. The district court concluded that the award was properly before it,[1] but certified the case for immediate appeal pursuant to the Interlocutory Decisions Appeals Act, 28 U.S. C.A. § 1292(b). We granted Southern Delaware County Authority's application for permission to appeal.
 
 
 2
 In 1958 John Monte Company, a Michigan partnership, entered into a contract with the Authority covering the construction and installation of certain portions of a sanitary sewer system in Delaware County, Pennsylvania. While the contract was being performed, disputes arose, and in May 1960 Monte filed suit in the Court of Common Pleas of Delaware County, seeking a declaratory judgment that it was not to be surcharged for tardy completion of the contract, and requesting money damages for certain payments alleged to have been wrongfully withheld under the contract. When the Authority filed a motion for stay pending arbitration, Monte served notice of its demand for arbitration in accordance with the contract. The Authority did likewise, and the declaratory judgment action was apparently abandoned.
 
 
 3
 Following hearings before the selected arbitrators, an award was made on behalf of Monte on August 31, 1962. On September 4, 1962, the Authority filed a motion in the Court of Common Pleas of Delaware County to modify, correct, or vacate the award. On that very day Monte, basing jurisdiction on diversity of citizenship, jurisdictional amount, and the United States Arbitration Act, 9 U.S.C.A. §§ 1-14, filed a motion in the District Court for the Eastern District of Pennsylvania to confirm the award, and subsequently removed the Authority's state court motion to that court. The Authority then filed a motion in the district court to dismiss Monte's motion to confirm as well as a motion to dismiss or remand the removal of the Authority's state court motion. It is from the denial of these latter motions that this appeal was taken.
 
 
 4
 The Authority's challenge to the decision of the district court is premised on its view that the Pennsylvania Arbitration Act, Chapter 4, 5 Purdon's Pa. Stat. Ann. §§ 161-181, including that Act's court review and enforcement provisions, is an integral part of the contract, and further, that the contract as so construed precludes review in the district court. The state Act is said to be incorporated in the contract both as a matter of law and by the express agreement of the parties. Additionally, the Authority urges that the contract is not one "evidencing a transaction involving commerce" as required by § 2 of the United States Arbitration Act, 9 U.S.C.A. § 2.
 
 
 5
 Since it goes to the question of federal jurisdiction, we must first decide whether this contract evidences a transaction involving commerce.[2] The Authority argues that it does not, because the construction project was within the confines of the state of Pennsylvania. But such a narrow interpretation of this remedial Act finds no support in the cases. Indeed, in holding that the contract before it did not involve commerce, the Supreme Court in Bernhardt v. Polygraphic Co., 350 U.S. 198, 200-201, 76 S.Ct. 273, 275, 100 L.Ed. 199 (1956), articulated the standard to be applied in the following words:
 
 
 6
 "* * * Nor does this contract evidence `a transaction involving commerce' within the meaning of § 2 of the Act. There is no showing that petitioner while performing his duties under the employment contract was working `in' commerce, was producing goods for commerce, or was engaging in activity that affected commerce, within the meaning of our decisions."
 
 
 7
 In Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382 (C.A.2, 1961), the facts of which are strikingly similar to those of the instant case, the court held that the presence of many interstate elements in the performance of the contract satisfied the jurisdictional prerequisite. Here the district court fully set forth the facts upon which it based its conclusion that this contract evidenced a transaction involving interstate commerce. 212 F.Supp. at 610-611. We need not again recite them, but need only say that they amply support its conclusion.
 
 
 8
 As the district court pointed out, the parties concede that they followed the state Act throughout the arbitration hearings. Moreover, the district court properly held that the Authority is a corporate agency of the state, In re Municipal Authority of Twp. of Upper St. Clair, 408 Pa. 464, 184 A.2d 695 (1962), and that, as such, the provisions of the Pennsylvania Arbitration Act apply to this contract.[3] The relevant portion of § 178 of that Act, 5 Purdon's Pa.Stat. Ann. § 178, provides:
 
 
 9
 "Except as otherwise specifically indicated, all references in this act to the courts are to be construed to mean the common pleas courts of the county having jurisdiction of the parties or the subject matter. If prior to the award, any court of common pleas shall have entertained any motion in respect to said arbitration, such court shall retain jurisdiction, and all subsequent proceedings shall be filed in said court. * * *" (Emphasis supplied.)
 
 
 10
 In rejecting the Authority's contention that this section precluded review by it,[4] the district court held:
 
 
 11
 "* * * This is indeed a tortured construction of the Act. The Federal Arbitration Act is coextensive with the Pennsylvania Arbitration Act. If the jurisdictional requirements are met, then the Federal Act controls because the parties never specified in the contract which court would be proper for such proceedings. * * *"
 
 
 12
 We think that the district court's conclusion was based on a misconception of the agreement to arbitrate. As the court acknowledged, the Pennsylvania Arbitration Act must be applied to the contract. Moreover, the parties expressly recognized this requirement by agreeing in paragraph 28 of the contract that:
 
 
 13
 "Each and every provision of law and clause required by law to be inserted in this Contract shall be deemed to be inserted herein and this Contract shall be read and enforced as though it were included herein, and, if through mere mistake or otherwise any such provision is not inserted, or is not correctly inserted, then upon the application of either party hereto, the Contract shall forthwith be physically amended to make such insertion."
 
 
 14
 Thus, the entire Pennsylvania Arbitration Act was incorporated in this contract and formed an integral, essential part of its terms.
 
 
 15
 Monte does not dispute the applicability of the Pennsylvania Act. It seeks solace in § 9 of the United States Arbitration Act. 9 U.S.C.A. § 9, which provides that if no court is specified in the agreement for confirmation of the award, application may be made to the United States court in and for the district within which the award was made. Reference is then made to paragraph 26(c) of the contract concerning court review, and it is emphasized that this clause merely refers to "appropriate courts," "a court," and "a court of competent jurisdiction." Monte urges that since no court is specified in the contract, review may be had in the federal district courts pursuant to the United States Arbitration Act. It should be noted that the following clause of the contract, paragraph 26(d), provides in relevant part, "Except as otherwise provided, the arbitration shall proceed under and pursuant to the rules of the State of Pennsylvania, the parties hereby certifying and agreeing that they have read and are familiar with said rules." Monte says that this refers only to the procedure before the arbitrators, and has nothing to do with court review.
 
 
 16
 We find it unnecessary to construe the language of paragraph 26, for we think that Monte's argument misses the mark. Whatever ambiguity there may be respecting court review in that clause, there is none in § 178 of the Pennsylvania Arbitration Act. That section defines with particularity all references to courts to mean, except as otherwise specifically indicated, "the common pleas courts of the county having jurisdiction of the parties or the subject matter."
 
 
 17
 It is urged that the Pennsylvania legislature has no power to compel the parties to an arbitration proceeding to have the award reviewed only in the state courts. But the review of this award turns not upon the power of the state legislature to limit the jurisdiction of the federal courts, but upon the agreement of the parties that such review shall be had in the state common pleas courts. It is both confusing and erroneous to view this as an attempt by the state to oust federal jurisdiction by legislative flat merely because the Authority, as an arm of the state, is a party to this agreement. The situation is no different than if two private parties entered into a contract which included a provision for arbitration in the very words of the Pennsylvania Arbitration Act. Surely, in these circumstances, it could not be said that this constituted an attempt by the state to oust federal jurisdiction.
 
 
 18
 Monte's reliance on Hetherington & Berner, Inc. v. Melvin Pine & Co., 256 F.2d 103 (C.A.2, 1958), is misplaced. That case merely held that a provision that an agreement would be governed by the laws of the state of New York did not bar review of an arbitrators' award in a federal district court. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935), held only that a district court had power to grant a stay of a breach of contract suit pending arbitration in accordance with the terms of the contract.
 
 
 19
 Although they have not been cited by the parties on this point, several cases interpreting the United States Arbitration Act require discussion. These include Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (C.A.2, 1959); American Airlines, Inc. v. Louisville and Jefferson County Air Board, 269 F.2d 811 (C.A.6, 1959); Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382 (C.A.2, 1961); Kentucky River Mills v. Jackson, 206 F.2d 111, 117 (C.A.6, 1953). See also, 69 Yale L.J. 847 (1959-1960). The essential holding of these cases can be found in the following excerpt from Robert Lawrence, 271 F.2d at 409:
 
 
 20
 "We, therefore, hold that the [United States] Arbitration Act in making agreements to arbitrate `valid, irrevocable, and enforceable' created national substantive law clearly constitutional under the maritime and commerce powers of the Congress and that the rights thus created are to be adjudicated by the federal courts whenever such courts have subject matter jurisdiction, including diversity cases, just as the federal courts adjudicate controversies affecting other substantive rights when subject matter jurisdiction over the litigation exists. We hold that the body of law thus created is substantive not procedural in character and that it encompasses questions of interpretation and construction as well as questions of validity, revocability and enforceability of arbitration agreements affecting interstate commerce or maritime affairs, since these two types of legal questions are inextricably intertwined."
 
 
 21
 We agree with this conclusion. Therefore, since we have jurisdiction in this case based on diversity of citizenship, jurisdictional amount, and a "contract evidencing a transaction involving commerce," federal substantive law must be applied. But in applying federal law we must enforce the agreement of the parties. Here such enforcement requires that review of the award be in the state common pleas courts. This is not an abdication of federal jurisdiction, but rather is a use of federal jurisdiction to enforce the agreement to arbitrate.[5] To put the matter another way, by confirming the award we would be disregarding the agreement to arbitrate which would be directly contrary to the command of the United States Arbitration Act. This would be no different than ordering arbitration though the contract contained no agreement to arbitrate.
 
 
 22
 The order of the district court will be reversed and the cause remanded for further proceedings in conformity with this opinion.
 
 
 
 Notes:
 
 
 [1]
 212 F.Supp. 604 (E.D.Pa., 1963)
 
 
 [2]
 "§ 1. `Maritime transactions' and `commerce' defined; exceptions to operation of title
 "* * * `[C]ommerce,' as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation * * *." 9 U.S.C.A. § 1.
 
 
 [3]
 "§ 176. State and municipal contracts
 "The provisions of this act shall apply to any written contract to which the Commonwealth of Pennsylvania, or any agency or subdivision thereof, or any municipal corporation or political division of the Commonwealth shall be a party." 5 Purdon's Pa.Stat.Ann. § 176.
 
 
 [4]
 In the district court the Authority argued that its motion to stay filed in the Court of Common Pleas of Delaware County vested exclusive jurisdiction in that court under this section. That argument has been abandoned in this court
 
 
 [5]
 It cannot be said that our decision in any way impairs the policy of the United State Arbitration Act that agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C.A. § 2. The Pennsylvania Act has an identical provision. 5 Purdon's Pa.Stat.Ann. § 161. Compare Kentucky River Mills v. Jackson, 206 F.2d 111 (C.A.6, 1953)
 
 
 
 23
 STEEL, District Judge, (concurring).
 
 
 24
 I agree that the District Court erred in denying the motions to dismiss and remand and that its orders should be reversed. I also concur in the view, for the reasons stated by Judge Staley, that the contract between the parties evidences a transaction involving commerce within the meaning of 9 U.S.C. § 2, and that the incorporation by reference of the Pennsylvania Arbitration Act in the contract was tantamount to a specification by the parties that the judgment to be entered upon the award should be entered by the Court of Common Pleas of Pennsylvania.[1] I cannot, however, endorse the view of Judge Staley that the District Court had jurisdiction of the matters before it.
 
 9 U.S.C. § 9 provides:
 
 25
 "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. * * *"
 
 
 26
 Thus, a Federal Court is empowered to confirm an award only in the event that the parties have failed to specify the court in which judgment is to be entered on the award. Since the parties have specified that the Court of Common Pleas of Pennsylvania shall have power to confirm the award and to enter judgment thereon, the jurisdiction of the Federal Court to confirm the award is lacking.
 
 
 27
 Nor is the Federal Court empowered to vacate or modify the award under §§ 10 and 11 of the Act. It is true that these sections seemingly confer upon the United States Court an unqualified power to vacate or modify the award; and give no indication that the parties must seek to vacate or modify an award in a state court when the parties have agreed to do so. Nevertheless, it is unreasonable to suppose that Congress intended that a Federal Court should have the right to modify or vacate an award despite the parties' agreement that a state court should do so, when Section 9 withholds from the Federal Court the power to confirm the award when the parties have specified that another court shall do it.
 
 
 28
 The broad purpose of 9 U.S.C. § 1 et seq. is to require the parties to carry out an arbitration agreement according to its terms and in the courts of their choice, if one has been manifest. This is substantiated by the interpretation which has been placed upon § 4 of the Act. It provides that when a party to an arbitration agreement refuses to arbitrate in accordance with the agreement, the other party may petition a "United States District Court * * * for an order directing that such arbitration proceed in the manner provided for in such agreement." Section 4 does not, by its terms, make a Federal Court available for the enforcement of an arbitration agreement only when the parties have failed to specify another tribunal for its enforcement. The right to proceed in the Federal Court is seemingly absolute. In this respect § 4 is like §§ 10 and 11, which empower a Federal Court to vacate or modify an award. Yet, notwithstanding the unqualified power ostensibly granted to a Federal Court by § 4, a Federal Court cannot compel the parties to arbitrate if they have agreed that a state court exclusively shall enforce the agreement. Shanferoke Coal & Supply Corporation v. WestChester Service Corporation, 70 F.2d 297, 298 (2d Cir. 1934). Although this view was expressed by way of dictum by the Court of Appeals it is part of the ratio decidendi of the affirming opinion of the Supreme Court. Shanferoke Coal & Supply Corporation v. WestChester Service Corporation, 293 U.S. 449, 453, 55 S.Ct. 313, 79 L.Ed. 583 (1935). This phase of the Shanferoke decision is unaffected by the discussion in Bernhardt v. Polygraphic Company, 350 U.S. 198, 202, 76 S.Ct. 273, 100 L.Ed. 199 (1955).
 
 
 29
 In the instant case the reason for requiring the parties to seek post-award relief in the state court, whether for enforcement or modification or vacation of the award, is even more compelling. Here, the parties have actually arbitrated their differences in the manner prescribed by the statutes of Pennsylvania to the point where an award has been rendered and have specified that the Court of Common Pleas shall be the court in which post-award relief shall be sought.
 
 
 30
 While by 28 U.S.C. § 1332(a), Congress has broadly conferred upon the Federal Courts jurisdiction in diversity of citizenship cases involving controversies in excess of $10,000, 9 U.S.C. § 1 et seq. has withdrawn pro tanto the general grant of jurisdiction in cases where an arbitration agreement evidences a transaction involving commerce and provides that confirmation, modification or vacation of an award or the rendition of judgment thereon shall be by the court of another jurisdiction. Since in the case before us the parties agreed that the Court of Common Pleas should have these powers, the court below was without jurisdiction to exercise them. It should therefore, have granted the motion to dismiss the application to confirm and the motion to remand.
 
 
 
 Notes:
 
 
 [1]
 The statement in Hartmann Coal Mining Co. v. Hoke, 157 F.Supp. 313, 315 (E.D. Pa.1957), that arbitration proceedings under the arbitration Act of Pennsylvania are not "exclusive", the issue there being whether the Act was a bar to a suit on the award, is not germane to the question before us, viz. — whether parties who incorporate the Act by reference in an agreement and arbitrate their differences under it, have "specified" the Court of Common Pleas of Pennsylvania as the court to confirm the award (unless it is vacated or modified by that court) and to enter judgment thereon, within the intendment of 9 U.S.C. § 9