MERRITT–CHAPMAN & SCOTT COR-
PORATION, a corporation,
Plaintiff,

v.

MICHAEL BAKER, JR., INC., a
corporation, Defendant.

Civ. No. 68–323.

United States District Court
W. D. Pennsylvania.

June 12, 1968.

Gerald W. Weaver, Pittsburgh, Pa., for plaintiff.

John D. Ray, Beaver, Pa., for defendant.

## MEMORANDUM AND ORDER

MARSH, District Judge.

The defendant moved pursuant to § 1404(a), 28 U.S.C.A., to transfer the above entitled action to the United States District Court for the Middle District of Pennsylvania. The motion will be denied.

At the hearing upon the motion no testimony was offered but counsel for the respective parties argued their positions; affidavits in support of and against the motion were filed subsequent to the hearing. From the affidavits it appears that each party has numerous witnesses it expects to call for the trial. The plaintiff expects to call six witnesses who reside in the Western District of Pennsylvania; it also expects to call witnesses residing in the following states: five in California, four in Connecticut, two in New York, two in Massachusetts, one in Ohio, one in Florida, and one of unknown residence.

The defendant expects to call twelve witnesses who reside in the Middle District of Pennsylvania, three who reside in the Western District, and one who resides in the Eastern District. It appears that it will be more convenient for twelve of the defendant's sixteen witnesses to attend a trial in Harrisburg than in Pittsburgh. On the other hand, it appears that it would be more convenient for all of the plaintiff's twenty-two witnesses if the case were to be tried in Pittsburgh, with its larger airport facilities, rather than in Harrisburg.

It appears from the affidavits that numerous documents, which may be relevant to the issues, are located in the defendant's principal office at Rochester, Pennsylvania, and in its branch office in Harrisburg.

Since the defendant's principal place of business is in Rochester, Pennsylvania, and the plaintiff is from out-of-state,[1] venue in the Western District of Pennsylvania is more convenient to the Pennsylvania defendant than to the plaintiff.

The defendant alleges that a similar action brought by the plaintiff against the Pennsylvania Turnpike Commission is pending in the federal court for the Middle District of Pennsylvania. The plaintiff demonstrates that this action in the Middle District has been stayed, Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission, 387 F.2d 768 (3d Cir. 1967), and contends that it will never be tried in the federal court for the Middle District of Pennsylvania, citing Monte v. Southern Delaware County Authority, 321 F.2d 870 (3d Cir. 1963). But it does not appear that the plaintiff has discontinued its Middle District action.

The defendant argues persuasively that it would be inconvenient and expensive to have two trials involving the same subject matter, i. e., one in the Middle

1. Jurisdiction of the court has not been made to appear in the complaint. Rule 8(a) (1), 28 U.S.C.A.

District, wherein the plaintiff has sued the Turnpike Commission, and one in the Western District of Pennsylvania, wherein the plaintiff has sued the defendant as the Turnpike Commission's agent or contractor. Although we do not have the pleadings in the case in the Middle District before us, defendant's counsel has represented, without contradiction by plaintiff's counsel, that the claim filed against the defendant in this action is identical in form in six counts with the eleven-count complaint filed in the Middle District.

We agree with the defendant that if there is to be any court trial, there should be only one consolidated action, which would serve the convenience of the parties, the witnesses and would be in the interest of justice.[2] If it were not for the prospect of two trials, it is our opinion that the defendant has not set forth sufficient facts to overcome the plaintiff's venue privilege. Except to avoid the expense and inconvenience of separate trials in actions brought by the plaintiff against the defendant and its principal on the same issues, the balance of convenience is not strongly in favor of the defendant, if at all, and the plaintiff's choice of forum should not be disturbed. Cf. Davis v. American Viscose Corporation, 159 F.Supp. 218 (W.D.Pa. 1958).

Even if this court should transfer this case to the Middle District in order to give defendant the opportunity to avoid two trials on the same issues, we could not require the court in the Middle District to consolidate the cases. However, this would likely be the case, and defendant should be given the opportunity to so move, since it would be rare indeed that any court would desire to have two lengthy trials on identical issues against the principal and its agent or contractor. In any event, pretrial procedure and discovery on these identical issues should be supervised by one court. Nonetheless,

since the action brought in the Middle District against the Turnpike Commission is presently stayed and may be arbitrated and may never be tried in the federal court there, Monte v. Southern Delaware County Authority, supra, we shall retain the case in this District and issue an order fixing pretrial procedure. If and when the stay entered in the Middle District action is vacated by that federal court and a trial in that District becomes probable, we would be inclined to entertain a renewed petition by either party to change venue to that District if it then deems same advisable.

An appropriate order will be entered.

Thompson Products v. Pennsylvania Railroad Company, 127 F.Supp. 449 (S.D. N.Y.1955).