**ALLSTATE INSURANCE COMPANY**

v.

**Michael GAMMON.**

**Michael GAMMON**

v.

**ALLSTATE INSURANCE COMPANY.**

**Civ. A. Nos. 86–3268, 86–3700.**

United States District Court,
E.D. Pennsylvania.

Aug. 19, 1986.

Arnold H. Winicov, Yaskin & Winicov, Philadelphia, Pa., for Allstate Ins. Co.

Francis F. Quinn, Gary B. Cutler, Liebert, Short, Fitzpatrick & Hirshland, Philadelphia, Pa., for Michael Gammon.

### MEMORANDUM and ORDER

SHAPIRO, District Judge.

This is an action for a declaratory judgment that defendant Michael Gammon ("Gammon") is not a person insured under a policy issued by the plaintiff Allstate Insurance Company ("Allstate") to a person not a party on the ground that Gammon is not a relative residing in the household of the insured. Mr. Gammon has demanded uninsured motorist coverage and arbitration under the policy. He contends that whether he is a person insured under the policy is itself a dispute that under the policy must be decided by arbitration and not by this court. It is unclear whether Gammon's pending motion for summary judgment pursuant to Fed.R.Civ.P. 56(b) should be treated as such or as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) or (6). In either event, Gammon's motion is denied for the following reasons.

Allstate is an insurance company. Leo Parks is the policyholder of an automobile insurance policy issued by Allstate. (Plaintiff's Response to Defendant's Motion for Summary Judgment, Ex. C). The policy issued to Mr. Parks provides certain uninsured and underinsured motorist coverage for "persons insured" under the policy. "Persons insured" under the policy include the policyholder "and any relative who resides in [the policyholder's] household...." Gammon alleges that he was injured in an automobile accident on December 27, 1985 while he was a passenger in an automobile owned and operated by Scotty Jones, an uninsured driver. Gammon further alleges that he is a "person insured" under the automobile insurance policy of Leo Parks because Leo Parks is his stepfather and Gammon resides with Mr. Parks. On May 22, 1986, Gammon filed an action in the Court of Common Pleas of Philadelphia County, Pennsylvania, to compel arbitration under the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 *et seq.* (Purdon 1982) pursuant to the arbitration provisions of Mr. Parks' insurance policy.

On June 3, 1986, Allstate filed a "Complaint in Action for Declaratory Judgment" in this court (Civil Action No. 86–3268). Allstate's prayer for relief required that this court:

> [D]eclare the uninsured motorist claims brought by the defendant herein against the plaintiff terminated and quashed. Further, plaintiff demands that this court declare defendant's uninsured mo-

torist claims against the plaintiff improper and enjoin the defendant from reinstitution of these claims.

On June 19, 1986, Gammon filed his original motion for summary judgment. On June 23, 1986, the state action was removed to this court (Civil Action No. 86–3700). On June 27, 1986, Allstate filed an amended complaint pursuant to Fed.R.Civ.P. 15(a).[1] The amended complaint's prayer for relief:

> [D]emands that this Court enter a declaratory judgment in its favor and against defendant that defendant was not a person insured under the Allstate Insurance Company policy at the time of the accident on December 27, 1985 and that defendant be enjoined from pursuing any claim by defendant for any benefits under said policy including, but not limited to, uninsured motorist arbitration and damages, and medical or lost earning benefits.

Although Allstate's amended prayer for relief is somewhat broader than its original demand, the central request in each instance is that this court hold Gammon not a "person insured" under Mr. Parks' automobile insurance policy; this would preclude defendant from exercise of the policy's arbitration provisions.

The court may not grant summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *Cf. Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

Gammon does not contend that there is no genuine issue of fact as to whether he is a "person insured" under Mr. Parks' automobile insurance policy. Rather, defendant contends that that issue is not *material* because:

(1) whether Gammon is a "person insured" can be decided only by arbitration under the Pennsylvania Uniform Arbitration Act pursuant to the insurance policy; or, presumably in the alternative,

(2) whether Gammon is a "person insured" can be decided only by a Court of Common Pleas of the Commonwealth of Pennsylvania.

The court rejects both these arguments.

Defendant's first position rests on *Allstate Ins. Co. v. Taylor*, 434 Pa. 21, 252 A.2d 618 (1969). In *Taylor*, Allstate brought a declaratory judgment action in state court to determine whether the insured's son, a claimant under the insured's uninsured motorist coverage, was a resident of insured's household. *Id.* at 22, 252 A.2d at 619. The Supreme Court of Pennsylvania held that the dispute had to be decided by arbitration pursuant to the insured's policy, and remanded the action with directions to dismiss the petition for a declaratory judgment. *Id.* at 25, 252 A.2d at 619–20. *Taylor* is inapposite to the instant action. In that case the arbitration provision of the insurance policy provided that:

> If *any person making claim hereunder* and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be

---

**1.** Allstate did not seek leave of court to file the amended complaint. In the Third Circuit, a motion for summary judgment is a "responsive pleading" for purposes of Fed.R.Civ.P. 15(a) that terminates a plaintiff's ability to file an amended complaint as of right. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938–39 (3d Cir.), *cert. denied*, 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 150 (1984). This position has been rejected by other Circuits. 3 J. Moore, *Moore's Federal Practice* § 15.07[2] (1985). Nevertheless, assuming that court approval of the filing of the amended complaint was necessary, the court grants its approval because there is no prejudice to defendant in doing so.

owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association.

*Id.* at 23–24, 252 A.2d at 619 (emphasis added; emphasis omitted). Here, the insurance policy contains an agreement by the insurance company to arbitration *not* with any person making a claim under the policy but only with a person insured under the policy. "If the person insured and we can't agree, the decision will be made by arbitration." Amendment of Policy Provisions—Pennsylvania, § 5 (emphasis in original).

In *Taylor,* the insured's son undoubtedly was a person making a claim under the policy, and thus the arbitration provision necessarily applied. Here, Gammon can demand arbitration only if he is a person insured under Mr. Parks' insurance policy, but it is this status that Allstate denies. Under Pennsylvania law, whether a dispute is arbitrable is for a court to determine. *LaCourse v. Firemen's Insurance Company of Newark, New Jersey,* 756 F.2d 10 (3d Cir.1985). This court cannot hold as a matter of law that Gammon is entitled to arbitration under that policy.

■ Gammon's contention that only a Court of Common Pleas of the Commonwealth of Pennsylvania may determine whether defendant is a person insured under Mr. Parks' policy is equally unpersuasive. Gammon's position rests on *Bozzacco v. State Farm Insurance Company,* No. 85–1164 Slip Op. (E.D.Pa. May 29, 1986). In *Bozzacco,* plaintiff, as an insured under her parents' automobile insurance policies, filed a petition in state court to compel arbitration under the Pennsylvania Uniform Arbitration Act. *Id.* at 1. The action, based on diversity of citizenship, was removed to federal district court. *Id.;* 28 U.S.C.A. § 1441(a) (West 1973). The federal district judge held that the sole issue in a petition to compel arbitration pursuant to Pennsylvania law is the existence of an

agreement to arbitrate. *Bozzacco,* Slip Op. at 2; 42 Pa.C.S.A. § 7304(a) (Purdon 1982). The court held that the existence of an agreement to arbitrate was not itself an arbitrable question, *Bozzacco,* Slip Op. at 3; 42 Pa.C.S.A. § 7304(a) (Purdon 1982); *Merritt-Chapman and Scott Corp. v. Pa. Turnpike Commission,* 387 F.2d 768, 771 n. 5 (3d Cir.1967) (prior Pennsylvania law), but that only a court of the Commonwealth of Pennsylvania had jurisdiction to hear a petition to compel arbitration under Pennsylvania law. *Bozzacco,* Slip Op. at 3–4. The court remanded the action to the Court of Common Pleas of Philadelphia County, from which it had been removed. *Id.* at 4.

The federal court's conclusion that only a Court of Common Pleas could determine whether there was an agreement to arbitrate rested upon the agreement of the parties to incorporate by reference two provisions of the Pennsylvania Uniform Arbitration Act.

If the opposing party denies the existence of an agreement to arbitrate, *the court* shall proceed summarily to determine the issue so raised and shall order the parties to proceed with the arbitration if it finds for the moving party. Otherwise, the application shall be denied.

42 Pa.C.S.A. § 7304(a) (Purdon 1982) (in part) (emphasis added).

The following words and phrases when used in this subchapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

'Court.' As used in this subchapter means any court of competent jurisdiction of this Commonwealth.

'Jurisdiction.' The making of an agreement described in section 7303 (relating to validity of agreement to arbitrate) providing for arbitration in this Commonwealth confers jurisdiction on the courts of this Commonwealth to enforce the agreement under this subchapter and to enter judgment on an award made thereunder.

42 Pa.C.S.A. § 7318 (Purdon 1982). The federal court concluded that a "court of competent jurisdiction of this Commonwealth" meant only a court created by the Commonwealth of Pennsylvania. *Bozzacco,* Slip Op. at 3. It then stated:

> Because this [42 Pa.C.S.A. § 7318 (Purden 1982)] is a part of the action *voluntarily incorporated* into the insurance policy, it is the vehicle *agreed upon* to resolve arbitration issues. ... The defendant [insurance company] can properly raise their claim in the Court of Common Pleas, as they *agreed* to do in their policy. Since *the parties,* by *agreeing* to incorporate the Uniform Arbitration Act, limited resolution of this issue to the state courts, no supremacy issue is raised.

*Id.* at 3–4 (emphasis added).

It is manifest that in *Bozzacco* the court *presupposed* that *the parties* had agreed to the application of the Pennsylvania Uniform Arbitration Act. However, in the instant case, it is improper to presuppose that *the parties,* as opposed to one of the parties and a non-party, have entered into any arbitration agreement. The insurance company avers that it has *not* entered into any agreement *with the person making claim* under the policy in question. For purposes of adjudicating this summary judgment motion, the court must assume that there is no such agreement. Absent such agreement, the court cannot refuse to hear Allstate's complaint for a declaratory judgment that Gammon is not a person insured under the insurance policy on the ground that issue is arbitrable.