**ALLSTATE INSURANCE COMPANY, Appellee,**

v.

**Michael B. GAMMON, Appellant.**

**No. 87–1302.**

United States Court of Appeals, Third Circuit.

Argued Nov. 5, 1987.

Decided Jan. 8, 1988.

Theodore P. Winicov (argued), Arnold H. Winicov, Yaskin and Winicov, Philadelphia, Pa., for appellant.

Francis F. Quinn (argued), Madeline Baio Martin, Liebert, Short, Fitzpatrick & Hirshland, Philadelphia, Pa., for appellee.

Before SLOVITER, BECKER, and COWEN *, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

This appeal poses two questions for adjudication. First, was the insurance company plaintiff entitled to a judicial, as opposed to an arbitrator's, determination whether a claimant is a "person insured" under a particular automobile insurance policy. Second, if the company has a right to a judicial determination of this question, did the United States District Court have jurisdiction to make that determination.[1] Because we answer both questions in the affirmative, we will affirm.

### I.

On December 27, 1985, Michael B. Gammon was injured when an automobile owned and operated by Michael Scott, an uninsured motorist, collided with a parked tractor trailer. As a result of the accident, Gammon sought payment of first party benefits and uninsured motorist benefits from Allstate Insurance Company ("Allstate") pursuant to an insurance policy issued to Gammon's stepfather, Leo Parks. Allstate refused to provide the benefits

---

* At the time this case was argued, Judge Cowen was a United States District Judge for the District of New Jersey sitting by designation. On November 16, 1987 he entered on duty as a United States Circuit Judge.

1. Gammon argues both that the trial court improperly denied his motion for summary judgment, and that it improperly denied his motion for Judgment N.O.V. Gammon's summary judgment motion asserted the same arbitrability and jurisdiction arguments raised in this appeal, and his motion for Judgment N.O.V. additionally asserted that the evidence presented was insufficient and that the insurance policy was vague and ambiguous. We address only the arbitrability and jurisdiction issues in this opinion. We find Gammon's other arguments to be plainly without merit.

claimed by Gammon, asserting that he was not a "person insured" under his stepfather's policy. By letter dated April 14, 1986, Gammon demanded that Allstate submit to arbitration the question of whether he is a "person insured" within the meaning of the policy.

On June 3, 1986, Allstate commenced this action in the United States District Court for the Eastern District of Pennsylvania seeking a declaratory judgment that Gammon was not a "person insured" under Parks' insurance policy with Allstate. Allstate contended that Gammon did not "reside" in Parks' household, which was a necessary qualification for uninsured motorist benefits under the policy.[2]

Gammon then filed a petition in the Pennsylvania Court of Common Pleas for the appointment of an arbitrator.[3] On June 23, 1986, this petition was removed to the United States District Court and consolidated with Allstate's declaratory judgment action.

Gammon moved for summary judgment on the theory that whether he was a "person insured" under the insurance policy at issue can only be decided by arbitration pursuant to the Pennsylvania Uniform Arbitration Act (the "Act"), 42 Pa.Cons.Stat. Ann. § 7301 *et seq.* (Purdon 1982). Alternatively, if Allstate is entitled to a judicial determination of that issue, Gammon argued that it can only be decided by a Court of Common Pleas of the Commonwealth of Pennsylvania. The district court rejected both of these arguments and denied Gammon's motion.[4]

The case was called for trial before the district court on February 9, 1987, and the jury was asked to determine whether Gammon was a "resident" of Parks' household on December 27, 1985. The jury concluded that he was not. The district court, by memorandum and order filed May 8, 1987, denied Gammon's motion for Judgment N.O.V., in which he again argued that this dispute was arbitrable or, alternatively, that the United States District Court lacked jurisdiction.[5] App. at 474. This appeal followed.

## II.

### A. Arbitrability

■ The first question we must address is if there is a right under Pennsylvania law to a judicial determination of whether an individual is a "person insured" under an automobile insurance policy, where the insurance policy requires that disputes be-

---

**2.** The uninsured motorist provision of the insurance policy at issue, under the heading *"Persons Insured"*, purports to cover *"You"* and any relative who *resides* in *your* household". (emphasis in original). Allstate did not dispute Gammon's contention that he was a relative of Parks; rather, it argued that he did not reside in Parks' household for the purpose of establishing insurance coverage.

Under *"Definitions"*, the policy states:
(3) *"Resident"* or *"Reside"*—mean the physical presence in your household with the intention to continue living there. Unmarried dependant children temporarily away from home shall be considered residents if they intend to continue to live in your household.
(4) *"You"* or *"Your"*—mean the policyholder named on the declarations page and that policyholder's resident spouse. (emphasis in original).

**3.** The uninsured motorist provision of the insurance policy provides:

The right to benefits and the amount payable will be decided by agreement between the person insured and *Allstate*. If the person insured and *we* can't agree, the decision will be made by arbitration. (emphasis in original).

The arbitration clause of the insurance policy reads:
*If We Cannot Agree*
Arbitration will take place as provided under the Pennsylvania Uniform Arbitration Act. The arbitrators shall be selected as follows: *You* select one arbitrator and *we* select another. The two arbitrators will select a third. If they can't agree on a third arbitrator within 30 days, the Judge of the Court of Record in the county of jurisdiction where arbitration is pending will appoint the third arbitrator. *You* will pay the arbitrator you select. *We* will pay the one *we* select. The expense of the third arbitrator and all other expenses of arbitration will be shared equally. A decision agreed to by two of the arbitrators will be binding. (emphasis in original).

**4.** *Allstate Ins. Co. v. Gammon*, 646 F.Supp. 55 (E.D.Pa.1986).

**5.** As noted *supra*, note 1, this Court finds the additional issues raised by Gammon's motion for Judgment N.O.V. to be without merit.

tween the insurance company and a "person insured" be arbitrated. We hold there is such a right.

It is well established under Pennsylvania law that a party against whom arbitration is sought under an alleged agreement to arbitrate has a right to a judicial determination of (1) whether the parties entered into an agreement to arbitrate, and (2) whether the dispute at issue falls under the agreement. *See, e.g., Lincoln University v. Lincoln University Chapter of the Association of University Professors*, 467 Pa. 112, 119, 354 A.2d 576, 580 (1976); *Independence Development, Inc. v. American Arbitration*, 460 Pa. 390, 392, 333 A.2d 781, 782–83 (1975). Indeed, the Pennsylvania courts have held that an agreement to arbitrate is to be strictly construed, and not to be extended by implication beyond its terms. *Emmaus Municipal Authority v. Eltz*, 416 Pa. 123, 125, 204 A.2d 926, 927 (1964); *Cumberland–Perry v. Bogar and Bink*, 261 Pa.Super. 350, 353, 396 A.2d 433, 434–35 (1978).

Allstate contends that Gammon is not a "person insured" under the policy it issued to Parks, and that the issue need not be arbitrated because it is not a dispute over the terms of the policy. We agree. In the policy, Allstate agreed to arbitrate disputes, but only between a "person insured" and Allstate, and only over the terms of the policy. Allstate's contention is one which goes to whether Gammon is a person with whom it must arbitrate rather than a dispute over the terms of the agreement. A judicial determination of Gammon's status as a "person insured" was a prerequisite to arbitration. Allstate must arbitrate only if it agreed to do so. It cannot be required to arbitrate the question whether it has agreed to arbitrate. Consequently, we find that the district court correctly ruled that Allstate had a right under Pennsylvania law to a judicial determination.

**6.** The district court, in ruling that it had jurisdiction over this dispute, did not find it necessary to construe this Act. Instead, it reasoned that because Allstate did not issue an insurance policy to Gammon it could not, for the purposes of deciding this issue, be said to have an agreement to arbitrate any dispute it had with Gammon. 646 F.Supp. at 59. The district court thus

### B. Jurisdiction

■ The second question presented by this appeal is whether the district court properly assumed jurisdiction over this dispute. Gammon asserts that even if a court need decide whether he was a "person insured" under the insurance contract, the proper court to make this determination is a Court of Common Pleas of the Commonwealth of Pennsylvania.

It is undisputed that the insurance policy at issue in this case incorporated by reference the provisions of the Pennsylvania Uniform Arbitration Act, 42 Pa.Cons.Stat. Ann. § 7301 *et seq.* (Purdon 1982).[6] Two provisions of that Act are relevant here.

Section 7304(a) of the Act states, in relevant part:

> If the opposing party denies the existence of an agreement to arbitrate, *the Court* shall proceed summarily to determine the issue so raised and shall order the parties to proceed with the arbitration if it finds for the moving party. Otherwise, the application shall be denied.

42 Pa.Cons.Stat.Ann. § 7304(a) (emphasis added). Section 7318 of the Act defines a number of terms used in other sections. It reads:

> The following words and phrases when used in this subchapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:
>
> "Court." As used in this chapter means any court of competent jurisdiction of this Commonwealth.
>
> "Jurisdiction." The making of an agreement described in section 7303 (relating to validity of agreement to arbitrate) providing for arbitration in this Commonwealth confers jurisdiction on

introduced a distinction between the potential right of a person purchasing an insurance policy to compel arbitration, and the non-existence of that right as to additional persons insured under that policy. Although we foresee that such an approach can be problematic, we affirm on different grounds, and need not address this issue further in this case.

the courts of this Commonwealth to enforce the agreement under this subchapter and to enter judgment on an award made thereunder.

42 Pa.Cons.Stat.Ann. § 7318.

The issue before this Court is whether the term "any court of competent jurisdiction of this Commonwealth", as used in the Act, was intended to include the United States District Court situated in Pennsylvania. We conclude that it was.[7]

Both the courts of Pennsylvania and courts in other states have analyzed language similar to the language of this statute, and concluded that the federal courts are indeed "courts of the state" for jurisdictional purposes. In *Meth v. Commonwealth State Real Estate Comm.*, 14 Pa. Commw. 203, 321 A.2d 221 (1974), the court construed a statutory provision which required the revocation of a real estate broker's license when the broker had been convicted of a felony in a "court of competent jurisdiction of this or any other state". *Id.* at 206, 321 A.2d at 223. In holding that convictions in federal court were encompassed by this provision, the Pennsylvania Commonwealth Court stated:

> We find here that a Federal court comfortably fits into the statutory phrase "court of competent jurisdiction of this or any other state". The United States District Court for the Eastern District of Pennsylvania, a court of competent jurisdiction, is in residence in Pennsylvania as the terminology clearly denotes.

*Id. See also Town of Fairfax, Oklahoma ex rel Barringer v. Hubler*, 23 F.Supp. 66, 69–70 (N.D.Okla.1938); *Alliance Trust Company v. Hall*, 11 F.Supp. 668, 671–72 (S.D.Idaho 1935).

It is particularly significant that the wording of the Pennsylvania Arbitration Act has been changed since our decision in *Monte v. Southern Delaware County Authority*, 321 F.2d 870 (3rd Cir.1963). In *Monte*, we construed what was then section 178 of the Pennsylvania Arbitration

Act. That section defined references to "courts" to mean "the common pleas courts of the county having jurisdiction of the parties or the subject matter." *Id.* at 873. While we construed that language as limiting jurisdiction to the Courts of Common Pleas, as a matter of statutory interpretation we find it significant that the prior specific language has been amended to encompass "any court of competent jurisdiction of this Commonwealth".

Gammon points to the decision of *Bozzacco v. State Farm Insurance Company*, No. 85–1164 (E.D.Pa. May 30, 1986) [Available on WESTLAW, 1986 WL 6219] (LEXIS, Genfed library, Dist file) in support of his argument that the United States District Court lacked subject matter jurisdiction. While *Bozzacco* does interpret the Act to deny federal jurisdiction, we are not bound by that decision and do not find its reasoning to be persuasive. Based on the available case law and the statutory history, we conclude that the better reading of the Pennsylvania Uniform Arbitration Act allows for concurrent jurisdiction in both the state courts of Pennsylvania and the federal courts situated in Pennsylvania.

### III.

In sum, we hold that where an insurance policy mandates that disputes between a "person insured" and the company be arbitrated, and the company disputes whether the claimant is a "person insured", Pennsylvania law permits the company to seek a judicial determination of that issue. We also find that a United States District Court situated in Pennsylvania is a "court of competent jurisdiction of [the] Commonwealth" as that term is used in the Pennsylvania Uniform Arbitration Act. We therefore will affirm. Costs taxed against the appellant.

7. We are aware that this statute, if it were interpreted to deny parties access to the United States District Court without their consent, might well run afoul of the Supremacy Clause, U.S. Const. art. VI, cl. 2. However, we need not address this issue since we conclude that the statute was not intended to limit the jurisdiction of the United States District Court.