## NATIONWIDE MUTUAL INSURANCE COMPANY

v.

## Erika BODENSCHATZ.

Civ. A. No. 88–8632.

United States District Court, E.D. Pennsylvania.

Jan. 25, 1989.

Lawrence E. Currier, Goushian, Mooradian & Goldsmith, P.C., Philadelphia, Pa., for plaintiff.

Frank M. Jakobowski, Philadelphia, Pa., for defendant.

DUBOIS, District Judge.

Presently before me is the defendant's Motion to Dismiss the Complaint and for a Permanent Injunction. Since evidentiary materials have been submitted, the Motion will be treated as a Motion for Summary Judgment under Fed.R.Civ.P. 56. *See* Fed. R.Civ.P. 12(b).

The plaintiff, Nationwide Mutual Insurance Company ("Nationwide") filed the instant action for declaratory relief with respect to an uninsured motorist claim of the defendant, Erika Bodenschatz ("defendant"). The sole issue [1] presented by the Nationwide Complaint is whether defendant's failure to notify the police or proper governmental authority under 75 Pa.C.S. § 1702 bars the uninsured motorist claim.

The uninsured motorist claim arises out of an accident which occurred on December 14, 1986. On that date, the defendant was

---

**1.** Nationwide admits in the Complaint that a policy of insurance, No. 58–37C–038–739, was issued to the defendant, and was in effect at the time of the accident involved in the uninsured motorist claim.

alighting from her husband's automobile when her foot was run over by an unknown motorist who fled the scene. Defendant presented a claim for uninsured motorist benefits to Nationwide, and it was denied. On October 20, 1988, the defendant demanded arbitration under the Nationwide insurance policy.

Defendant filed the instant Motion to Dismiss the Complaint on the ground that the only issue presented by the Nationwide Complaint—whether defendant's failure to notify the police or proper governmental authority bars defendant's uninsured motorist claim—must be resolved by arbitration under the terms of the Nationwide insurance policy. In support of her position defendant relies on the arbitration clause in the insurance policy which requires arbitration when the insurer and the insured "do not agree about the insured's right to recover damages or the amount of damages...."

It is well established law in Pennsylvania that a party against whom arbitration is sought under an agreement to arbitrate has a right to a judicial determination of two issues: First, the Court may determine whether the parties entered into an agreement to arbitrate, and second, the Court may determine whether the dispute at issue falls under the agreement. *Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir.1988); *Allstate Ins. Co. v. Gammon*, 838 F.2d 73, 76 (3d Cir.1988). The Third Circuit has held that Pennsylvania law requires that agreements to arbitrate be strictly construed, and they are not to be extended beyond their terms. *Gammon*, 838 F.2d at 76.

The defendant contends that the issue presented in this case is whether the defendant has "complied with an alleged policy provision mandating notice of a hit and run accident to governmental authorities." Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss and Motion for Permanent Injunction at 10. I disagree with defendant's statement of the issue.

The arbitration agreement in the policy only applies to bodily injury caused by an uninsured or underinsured motorist. Under 75 Pa.C.S. § 1702 and the terms of the policy, an "uninsured motor vehicle" is defined, in relevant part, as

"[a]n unidentified motor vehicle that causes an accident resulting in injury provided the accident is reported to the police or proper governmental authority and the claimant notifies his insurer within 30 days, or as soon as practicable thereafter, that the claimant or his legal representative has a legal action arising out of the accident."

Therefore, the issue raised by the plaintiff in this case is whether uninsured motorist coverage is triggered under the policy, not whether defendant failed to comply with a provision requiring notice. If uninsured motorist coverage is not triggered, then the arbitration clause is not triggered.

When an issue arises which precedes any question of arbitrability, the Third Circuit has held that the question is a proper one for the Court and does not need to be immediately arbitrated. *See Gammon*, 838 F.2d at 75–76 (When the issue is whether an individual is a "person insured" under an automobile policy, and the insurance policy requires that disputes between the insurance company and a "person insured" be arbitrated, there is a right to a judicial determination of that issue.). Indeed, the Third Circuit has held directly that the legal determination of whether a motor vehicle constitutes an "underinsured vehicle" may be made by the Court. *Myers*, 842 F.2d at 708.

Because the arbitration clause only applies if the vehicle that ran over the defendant's foot was an uninsured vehicle, and the issue raised by the Nationwide Complaint is directly relevant to the question of whether uninsured motorist coverage is triggered, the defendant's Motion to dismiss the action and for a permanent injunction will be denied.